IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

THOMAS J. BARRACK, JR.

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

      Defendant.

**COMPLAINT FOR EXPEDITED DECLARATORY AND INJUNCTIVE
RELIEF UNDER THE FREEDOM OF INFORMATION ACT**

COMES NOW Thomas J. Barrack, Jr., through his attorneys, Brownstein Hyatt Farber Schreck, LLP, and for his Complaint for Expedited Declaratory and Injunctive Relief under the Freedom of Information Act states as follows:

**NATURE OF THE ACTION**

1. This is a civil action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking an order on an expedited basis declaring the rights of the parties under FOIA, enjoining the United States Department of Justice ("DOJ") from improperly withholding agency records, and compelling the production of all requested agency records.

2. Mr. Barrack was indicted in 2021 on allegations he acted as an unregistered agent of a foreign government, without prior notification to the Attorney General of the United States in violation of 18 U.S.C. § 951(a). United States v. Al Malik Alshahhi, et al., No. 1:21-cr-00371-BMC-TAM (E.D.N.Y.).

3. Mr. Barrack's trial in the above case is currently scheduled to begin on September 19, 2022.

4. Mr. Barrack has, through counsel, submitted to the DOJ's National Security Division ("NSD") a simple FOIA request requesting a list of current and recent registrations (within the last ten years) of foreign agents under 18 U.S.C. § 951(a).

5. The information requested has a strong likelihood of constituting exculpatory evidence in connection with Mr. Barrack's upcoming trial, and as such, is critical to the preservation of Mr. Barrack's due process rights.

6. Further, given the acknowledged confusion and ambiguity over the scope of 18 U.S.C. § 951(a) and when such charges are appropriate to be brought by federal prosecutors historically, the information requested under this FOIA request is needed for the purpose of disseminating such information to inform the public as to the federal government's activity pursuant to 18 U.S.C. § 951(a).

7. Yet, in contravention of its obligations under FOIA, the DOJ has stonewalled Mr. Barrack's request by failing to even acknowledge whether the requested records exist. The DOJ has also somehow asserted (despite refusing to acknowledge the existence of responsive documents) exemptions to FOIA's disclosure requirements that are undermined by the presence of publicly available information under other statutes and which do not excuse the DOJ from its obligation to produce any non-exempt portions of the requested materials.

8. In light of Mr. Barrack's clear need for these records, the public's interest in the information, and the DOJ's disregard of its obligations under FOIA, Mr. Barrack respectfully asks the Court to grant judgment in his favor, declare the DOJ to be in violation of its obligations under

FOIA, and to issue an injunction requiring the DOJ to produce the documents requested by Mr. Barrack in his FOIA request.

## PARTIES

9. Thomas J. Barrack, Jr. is an individual who resides in Aspen, Colorado.

10. Defendant DOJ is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). DOJ is headquartered at 950 Pennsylvania Avenue, NW, Washington D.C. 20530, and has possession, custody, and control of the documents Mr. Barrack seeks in response to his FOIA request.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

12. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## GENERAL ALLEGATIONS

13. On July 16, 2021, federal prosecutors with the Eastern District of New York and the National Security Division of the Department of Justice filed an initial seven-count indictment against Mr. Barrack and other co-defendants, in which federal prosecutors alleged, among other things, that Mr. Barrack acted as unregistered agent of a foreign government without prior notification to the Attorney General of the United States, in violation of 18 U.S.C. § 951(a).

14. Mr. Barrack's trial is scheduled to begin on September 19, 2022.

15. Under 18 U.S.C. § 951, an individual may not act in the United States as an agent of a foreign government without prior notification to the Attorney General. 18 U.S.C. § 951(a). An individual who acts as an agent without providing such notification is subject to a fine or

imprisonment of up to ten years. Id.

16. Yet, despite the severe consequences of failing to abide by 18 U.S.C. § 951, neither the DOJ's website, nor any advisory document promulgated by the agency, explains the process for providing the requisite notice to the Attorney General.

17. Instead, the requirements are tucked away in the DOJ regulations. There is no established form for this notification; instead, these regulations state that the notice must identify itself as a notification under 18 U.S.C. § 951 and provide the name or names of the agent making the notification, the firm name (if any), the business address or addresses of the agent, the identity of the foreign government or official for whom the agent is acting, a brief description of the activities to be conducted for the foreign government or official, and the anticipated duration of the activities. 28 C.F.R. § 73.3(a).

18. A related statute, the Foreign Agents Registration Act ("FARA"), 22 U.S.C. § 611, et seq., requires disclosure of similar information. FARA requires certain agents of foreign principals who are engaged in political or specified other activities to make periodic public disclosure of their business and residential addresses, their relationship with the foreign principal, as well as activities, receipts, and disbursements in support of those activities. See generally 22 U.S.C. § 612.

19. Indeed, the information which must be provided under FARA is so similar to what must be included in a notice under 18 U.S.C. § 951 that a registration under FARA constitutes notification under 18 U.S.C. § 951. 28 C.F.R. § 73.3(e).

20. In contrast to the opaqueness surrounding the notification process under 18 U.S.C. § 951, the DOJ has committed an entire section of its website to FARA, which includes resources

for prospective registrants (such as frequently asked questions and registration forms).[1]

21. Further, FARA registrations are publicly available to be searched and viewed from the DOJ's website.[2]

22. Unlike FARA registrations, notifications under 18 U.S.C. § 951 are not accessible to the public.

23. Consequently, on May 5, 2022, Mr. Barrack, through his counsel, submitted a FOIA request to the DOJ's NSD seeking three narrow categories of documents:

- Any notification of registration as an agent of a foreign government under 18 U.S.C. § 951 by an individual or entity to the United States Department of Justice, including, for the avoidance of doubt, the (i) National Security Division, (ii) Interpol-United States National Central Bureau, or (iii) Office of International Affairs, Criminal Division, and/or any of their respective employees and supervisors, including, but not limited to, the Attorney General of the United States, in each case within the last ten (10) years from the date hereof.

- A list containing each individual and/or entity currently registered, as of the date hereof, with the United States Department of Justice as an agent of a foreign government pursuant to 18 U.S.C. § 951.

- Any (a) notification of termination and (b) re-notification following such termination from an agent of a foreign government under 18 U.S.C. § 951 regarding the termination, expiration and/or re-notification of his or her agency relationship with any foreign government to the United States Department of Justice, including, for the avoidance of doubt, the (i) National Security Division, (ii) Interpol-United States National Central Bureau, or (iii) Office of International Affairs, Criminal Division, and/or any of their respective employees and supervisors, including, but not limited to, the Attorney General of the United States, in each case within the last ten (10) years from the date hereof.

FOIA Request Letter from S. Khurana, Policy Advisor and Associate, Brownstein Hyatt Farber

---

[1] Foreign Agents Reg. Act, U.S. Dep't of Just., https://www.justice.gov/nsd-fara (last visited July 21, 2022).
[2] Browse Filings: Foreign Agents Reg. Act, U.S. Dept. of Just., https://efile.fara.gov/ords/fara/f?p=1381:1:4432717337554 (last visited July 21, 2022).

Schreck, LLP to U.S. Dep't of Just., Nat'l Sec. Div. (May 5, 2022), a true and correct copy of which is attached hereto as **Exhibit 1**.

24. Under 5 U.S.C. § 552(a)(6)(A)(i), an agency receiving a FOIA request must determine within twenty business days whether it will comply with the request, and the agency must "immediately" notify the requesting party of its determination.

25. Accordingly, the DOJ was required to determine whether it would comply with Mr. Barrack's FOIA request on or before June 3, 2022, and to communicate its determination immediately thereafter.

26. On May 12 and 20, 2022, Mr. Barrack's counsel asked NSD for an update on the status of Mr. Barrack's FOIA request. Mr. Barrack's counsel received no response to these requests for several weeks.

27. On June 2, 2022, pursuant to instructions on the DOJ's website,[3] Mr. Barrack's counsel asked the DOJ's Office of Information Policy ("OIP") for a status update on Mr. Barrack's FOIA request and inquired if there was another individual or office from which Mr. Barrack's counsel could obtain information on the status of Mr. Barrack's FOIA request.

28. On June 3, 2022, Mr. Barrack's counsel again contacted the NSD (specifically, NSD's FOIA Liaison, Arnetta Mallory), asking for a status update on Mr. Barrack's FOIA request.

29. Later that day, Ms. Mallory responded to Mr. Barrack's May 20, 2022 status request, stating that NSD would send a confirmation of Mr. Barrack's FOIA request "soon." In a later phone call between Ms. Mallory and Mr. Barrack's counsel, Ms. Mallory explained her

---

[3] See Dep't of Just. Guide to the Freedom of Info. Act, U.S. Dep't of Just., https://www.justice.gov/oip/doj-guide-freedom-information-act-0 (last visited July 18, 2022).

failure to respond to counsel's prior emails was due to her being out of town for several weeks.

30. Despite Ms. Mallory's representation, Mr. Barrack's counsel did not receive any response to his FOIA request on or before the June 3, 2022 deadline.

31. Instead, rather than acknowledging his request or providing the substantive response required under 5 U.S.C. § 522(a)(6)(A)(i), OIP instead sent a letter on June 6, 2022, notifying Mr. Barrack's counsel that OIP had received the email from Mr. Barrack's counsel on June 2, 2022 and was deeming it an appeal under 5 U.S.C. § 552(a)(6)(C)(i).

32. Mr. Barrack's counsel promptly notified OIP and Ms. Mallory that counsel's prior correspondence with OIP had not been for the purpose of lodging an appeal, but instead was solely to inquire about the status of Mr. Barrack's FOIA request.

33. Neither OIP nor Ms. Mallory acknowledged this notification.

34. Meanwhile, on June 8, 2022, the DOJ sent an email to Mr. Barrack's counsel acknowledging receipt of Mr. Barrack's May 5, 2022 FOIA request. Despite the fact that the statutory period for a response had already expired, the acknowledgement email offered no estimate on when the DOJ would actually respond to the request.

35. By June 28, 2022—some 16 business days after the DOJ's deadline to respond to the request—the DOJ had still not responded to Mr. Barrack's FOIA request. Consequently, Mr. Barrack's counsel inquired with Ms. Mallory that day about the status of the FOIA request. Mr. Barrack's counsel received no response from Ms. Mallory.

36. On June 30, 2022, Mr. Barrack's counsel sent an email to Ms. Mallory requesting expedited processing on Mr. Barrack's FOIA request in light of Mr. Barrack's impending criminal trial and the significant impairment of Mr. Barrack's due process rights which would result from

the DOJ's continued failure to process his FOIA request. Mr. Barrack's counsel received no response to its request for expedited relief.

37.     On July 8, 2022, now well beyond the statutory response period, the DOJ finally responded to Mr. Barrack's FOIA request. However, the response was wholly deficient and demonstrated the DOJ's clear disregard of its obligations under FOIA.

38.     The July 8, 2022 response letter states, in relevant part:

> Please note that NSD maintains investigative and prosecutorial records pertaining to subjects of NSD investigations. Based on your citation to 18 U.S.C. § 951, we interpret your request to implicate such records. In cases where the confirmation or denial of the existence of such records would, in and of itself, reveal information which would constitute a clearly unwarranted invasion of personal privacy of third parties or would reasonably be expected to interfere with enforcement proceedings, *NSD neither confirms nor denies the existence of such records. Therefore, to the extent you are seeking information based on or related to any 18 U.S.C. § 951 submissions that, should any exist, have not already been made public by the Department, we neither confirm nor deny the existence of such records pursuant to 5 U.S.C. 552(b)(6) and/or (7)(A) and/or (7)(C).* We did not locate any responsive records that would not be covered by the non-confirmation of the preceding sentence.

Letter from K. Tiernan, Records and FOIA, U.S. Dep't of Just., to S. Khurana, Policy Advisor and Associate, Brownstein Hyatt Farber Schreck, LLP (July 8, 2022) (emphasis added) (footnote omitted), a true and correct copy of which is attached hereto as **Exhibit 2**.

39.     When transmitting its determination of whether it would comply with Mr. Barrack's FOIA request, the DOJ was required, at a minimum, "to inform [Mr. Barrack] of the scope of the documents that the agency will produce, *as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions.*" <u>Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n</u>, 711 F.3d 180, 186 (D.C. Cir. 2013) (Kavanaugh, J.) (emphasis added). A compliance determination which does not meet these minimal requirements does not

trigger FOIA's requirement that a requesting party exhaust administrative remedies before filing suit in district court. See id. at 185–86 (discussing the minimum requirements for a compliance determination as "trigger[ing]" FOIA's "exhaustion requirement").

40. By refusing to confirm the existence of materials which the DOJ may have chosen not to produce on the basis of FOIA's privacy and law enforcement exemptions (under 5 U.S.C. § 552(b)(6) and (7), respectively), the DOJ has necessarily failed to inform Mr. Barrack of the scope of the documents the agency plans to exclude from production.

41. Indeed, the DOJ could be withholding no documents, or it could be withholding thousands.

42. Consequently, the DOJ's purported July 8, 2022 compliance determination is inadequate to trigger FOIA's administrative-exhaustion requirement.

43. Moreover, the disclosure exemptions cited by the DOJ in its response are plainly inapplicable and do not justify the agency's failure to acknowledge whether responsive, supposedly exempt documents exist.

44. First, information requested by Mr. Barrack could not be deemed personal privacy information under 5 U.S.C. § 552(b)(6) because it is standard information which is nearly identical to that which is publicly available for registrants under FARA that would otherwise be required to register under 18 U.S.C. § 951. Additionally, an individual providing notification under 18 U.S.C. § 951 has no reasonable expectation of privacy because neither the statute nor DOJ regulations provide a basis for keeping such information private.

45. Second, the fact that an individual who has provided notice under 18 U.S.C. § 951 is subject to a law enforcement investigation could not somehow pull the otherwise basic

information requested by Mr. Barrack into the realm of FOIA's enforcement-proceedings exemption in 5 U.S.C. § 552(b)(7).

46.     Furthermore, production is not an all-or-nothing endeavor. Where portions of responsive requested materials are exempt from production, FOIA still requires the agency to disclose any "reasonably segregable portion" of a record after the redaction of the exempt portions of the record. 5 U.S.C. § 552(b). The DOJ has made no effort to comply with this obligation.

47.     At a minimum, the DOJ could have provided substantially or even fully redacted notification letters, as this still would have allowed Mr. Barrack to gauge the volume of such notifications within the time period set out in his FOIA request.

48.     Finally, on July 14, 2022, OIP issued a decision on Mr. Barrack's alleged appeal, which OIP mistakenly entered on June 6, 2022. Letter from D. Castellano, Associate Chief, Administrative Appeals Staff, to S. Khurana, Associate and Policy Advisor, Brownstein Hyatt Farber Schreck (July 14, 2022), a true and correct copy of which is attached hereto as **Exhibit 3**; see also Email from OIP to S. Khurana (July 14, 2022 (12:34 p.m. EDT)) (transmitting decision letter regarding appeal), a true and correct copy of which is attached hereto as **Exhibit 4**.

49.     However, the letter, which was sent after the DOJ's July 8, 2022 correspondence, stated the DOJ was yet to make an adverse determination on Mr. Barrack's FOIA request. The letter also stated OIP had been in contact with the NSD and had been advised that Mr. Barrack's request was still being processed. Ex. 3.

50.     The letter also correctly informed Mr. Barrack's counsel it could file a lawsuit if an agency takes longer than the statutory time period to respond. Id.

51.     Accordingly, as Mr. Barrack's FOIA request is still being processed, the DOJ has

**Page 10 of 15**

not provided Mr. Barrack or his counsel with a compliance determination or other response which comports with the agency's obligations under 5 U.S.C. § 552(a)(6)(1)(A), despite the fact that such a determination was required to have been made on June 3, 2022 and communicated to Mr. Barrack immediately thereafter.

52. An agency's failure to comply with any timing requirements is deemed a constructive denial the request and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

53. Accordingly, Mr. Barrack has exhausted his administrative remedies and may petition this Court for injunctive, declaratory, and other relief from the DOJ's continued and wrongful withholding of records. 5 U.S.C. § 552(a)(4)(B).

## COUNT I
### (Failure to Conduct Adequate FOIA Search)

54. Mr. Barrack re-alleges and incorporates by reference the allegations made in all preceding paragraphs of this Complaint.

55. Mr. Barrack's FOIA request complied with all applicable regulations regarding the submission of FOIA requests.

56. Mr. Barrack has a statutory right to have the DOJ process his FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). The DOJ violated Mr. Barrack's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to Mr. Barrack's requests for responsive material since May 5, 2022.

57. Specifically, by refusing to confirm or deny the existence of documents responsive to his request, the DOJ has failed to demonstrate it conducted the search required under FOIA.

58. Additionally, because the DOJ's July 8, 2022 response to Mr. Barrack's FOIA

request was incomplete, as confirmed by OIP in its letter of July 14, 2022, any search underlying that response was also incomplete. Consequently, the DOJ has yet to conduct a full and reasonable search for materials responsive to Mr. Barrack's request.

59. Due to the DOJ's misconduct, unless enjoined and made subject to a declaration of Mr. Barrack's legal rights by this Court, the DOJ will continue to willfully and intentionally withhold the responsive materials and will continue to violate Mr. Barrack's rights to receive the responsive records under FOIA. Mr. Barrack is entitled to injunctive relief with respect to the release and disclosure of the requested materials.

## COUNT II
### (Failure to Respond to Request within Statutory Timeframe)

60. Mr. Barrack re-alleges and incorporates by reference the allegations made in all preceding paragraphs of this Complaint.

61. Mr. Barrack's FOIA request complied with all applicable regulations regarding the submission of FOIA requests.

62. Within twenty business days of receiving Mr. Barrack's FOIA request, the DOJ was required to determine whether it would comply with the request and immediately inform Mr. Barrack of its decision. 5 U.S.C. § 552(a)(6)(A)(i).

63. The DOJ was required to provide this response on or before June 3, 2022.

64. The DOJ's purported communication of its compliance decision, which finally occurred on July 8, 2022, was required to, inter alia, identify the scope of the materials the DOJ was withholding on the basis of one or more FOIA exemptions. Citizens for Responsibility & Ethics in Wash., 711 F.3d at 186.

65. By refusing to acknowledge whether requested materials potentially subject to

FOIA exemptions do or do not exist, the DOJ has given Mr. Barrack no sense of the scope of withheld materials. The DOJ has thus not properly responded to Mr. Barrack's FOIA request within the statutorily mandated timeframe.

66. Moreover, OIP confirmed via its correspondence to Mr. Barrack's counsel on July 14, 2022 that NSD has not yet made a final determination as to Mr. Barrack's FOIA request and that the request was still being processed. Thus, Mr. Barrack is still awaiting a complete response from the DOJ.

67. Due to the DOJ's misconduct, unless enjoined and made subject to a declaration of Mr. Barrack's legal rights by this Court, the DOJ will continue to willfully and intentionally withhold the responsive materials and will continue to violate Mr. Barrack's rights to receive the responsive records under FOIA. Mr. Barrack is entitled to injunctive relief with respect to the release and disclosure of the requested materials.

## COUNT III
### (Unlawful Withholding of Agency Records)

68. Mr. Barrack re-alleges and incorporates by reference the allegations made in all preceding paragraphs of this Complaint.

69. Mr. Barrack's FOIA request complied with all applicable regulations regarding the submission of FOIA requests.

70. The DOJ has not released any records or portions thereof in response to Mr. Barrack's FOIA request.

71. The DOJ has further stated with no support that some records, to the extent they exist, are subject to exemptions from disclosure under FOIA.

72. However, the DOJ has not demonstrated that records responsive to Mr. Barrack's

request are exempt under FOIA.

73. The DOJ has not identified how disclosure of the records or portions thereof sought under Mr. Barrack's request would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A).

74. Records responsive to Mr. Barrack's FOIA request are required to be released under FOIA.

75. The DOJ has improperly withheld agency records responsive to Mr. Barrack's FOIA request in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

76. Due to the DOJ's misconduct, unless enjoined and made subject to a declaration of Mr. Barrack's legal rights by this Court, the DOJ will continue to willfully and intentionally withhold the responsive materials and will continue to violate Mr. Barrack's rights to receive the responsive records under FOIA. Mr. Barrack is entitled to injunctive relief with respect to the release and disclosure of the requested materials.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Barrack respectfully requests this Court:

(1) Order the DOJ (to the extent it has not already) to conduct a search reasonably calculated to identify all records responsive to Mr. Barrack's FOIA request;

(2) Enjoin the DOJ from withholding all records or portions thereof responsive to Mr. Barrack's FOIA request that may not be withheld under FOIA;

(3) Declare that Mr. Barrack is entitled to disclosure of the requested records;

(4) Declare the failure of the DOJ to provide a timely determination in response to Mr. Barrack's request violates its obligations under FOIA;

(5) Award Mr. Barrack the attorneys' fees and costs he reasonably incurs in this action pursuant to 5 U.S.C. § 522(a)(4)(E);

(6) Require the DOJ answer expeditiously and within a specified number of days not to exceed ten days, as Mr. Barrack has shown good cause for the expedited processing of this matter given the importance of the requested material to Mr. Barrack's defense in his impending criminal trial and the DOJ's unjustified delay in responding to Mr. Barrack's FOIA request; and

(6) Grant such further relief as the Court deems just and proper.

Dated: July 21, 2022.

Respectfully submitted,

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By */s/Jason R. Dunn*
Jason R. Dunn, CO 33011
Joseph C. Haupt, NM 154520
410 Seventeenth Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Email: jdunn@bhfs.com; jhaupt@bhfs.com

*Attorneys for Thomas J. Barrack, Jr.*

24446617