**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-01800-RM

THOMAS J. BARRACK, JR.,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant.

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1)
UNDER RULES 12(B)(1) AND 12(B)(6)**

    Plaintiff Thomas J. Barrack, Jr. seeks to compel the U.S. Department of Justice's National Security Division (NSD) to produce certain documents that another individual, Sohil Khurana, requested under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

    But Plaintiff's Complaint should be dismissed at the threshold. For one, Plaintiff lacks standing because he did not submit the FOIA request at issue and the record indicates that Mr. Khurana did not identify any association with Plaintiff when he filed the FOIA request. Second, Mr. Khurana failed to exhaust his administrative remedies by filing an administrative appeal of NSD's response to his FOIA request before Plaintiff filed this lawsuit. For these reasons, as explained further below, this Court should dismiss Plaintiff's Complaint.[1]

---

[1] In accordance with L.R. 7.1(a) and this Court's Civil Practice Standard IV.L.2, undersigned counsel conferred with Plaintiff's counsel on August 19, 2022, and August 22, 2022 to inform Plaintiff's counsel of the basis for Defendant's motion to dismiss and to learn whether Plaintiff intended to amend the Complaint to correct the stated deficiencies. Counsel for Plaintiff indicated that amendment was only a possibility if Defendant undertook additional effort with respect to its current FOIA processing, which Defendant determined was infeasible as well as

1

**LEGAL BACKGROUND**

I.   **Freedom of Information Act**

FOIA provides a means for the public to access federal government records, subject to certain exemptions. *See* 5 U.S.C. § 552; *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1225 (10th Cir. 2007). Upon receipt of a properly submitted request that "reasonably describes" the records sought, *id.* § 552(a)(3)(A), an agency generally must determine within twenty working days[2] "whether to comply with such request" and then immediately notify the requestor of its determination and the reasons therefor. *Id.* § 552(a)(6)(A)(i). If an agency fails to make a determination within twenty working days and immediately notify the requestor, the requestor "shall be deemed to have exhausted his administrative remedies with respect to such request [.]" *Id.* § 552(a)(6)(C)(i). However, "[w]here an agency has entirely failed to respond to a request within the statutory deadlines, if the agency replies before the requester files suit, the exhaustion requirement still applies." *Lowe v. Drug Enf't Admin.*, No. CIV.A. 06-1133 (CKK), 2007 WL 2104309, at *4 (D.D.C. July 22, 2007) (citing *Judicial Watch v. Rossotti,* 326 F.3d 1309, 1310 (D.C. Cir. 2003)); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 64 (D.C. Cir. 1990) ("[O]nce the agency responds to the FOIA request, the requester must exhaust his administrative remedies before seeking judicial review.").

"A response is sufficient for purposes of requiring an administrative appeal if it includes the agency's determination of whether or not to comply with the request; the reasons for its decision; and notice of the right of the requester to appeal to the head of the agency if the initial

---

unnecessary in light of the threshold defects identified in the Complaint. Accordingly, Plaintiff opposes the motion.

[2] The twenty days excepts "Saturdays, Sundays, and legal public holidays." *Id.* § 552(a)(6)(A)(i).

agency decision is adverse." *Nat'l Sec. Counselors v. CIA*, 931 F. Supp. 2d 77, 95 (D.D.C. 2013); *see also Machado Amadis v. DOJ*, 388 F. Supp. 3d 1, 12 (D.D.C. 2019), *aff'd sub nom. Machado Amadis v. DOS*, 971 F.3d 364 (D.C. Cir. 2020) (An agency response to a FOIA request that "neither confirm[s]nor den[ies] the existence" of responsive records suffices as a determination under Section 552(a)(6)(C)(i).").

### II. Foreign Agent Notification Requirement Under 18 U.S.C. § 951

The FOIA request underlying Plaintiff's suit seeks records submitted under 18 U.S.C. § 951. That statute generally requires agents of foreign governments to notify the Attorney General before acting on behalf of the foreign government. 18 U.S.C. § 951(a). Proper notification can take four forms, depending on the situation. First, an agent may notify the Attorney General by addressing a letter or facsimile to the attention of NSD. 22 C.F.R. § 73.3(a). However, if the agent is engaged in law enforcement or judicial proceedings, the letter or facsimile should be directed to the attention of Interpol-United States National Central Bureau or DOJ's Office of International Affairs in its Criminal Division, respectively. 28 C.F.R. § 73.3(b), (c). Finally, if an agent properly registers with the federal government in accordance with the Foreign Agents Registration Act (FARA), 22 U.S.C. § 611 *et seq.*, that registration suffices as a notification under § 951. 28 C.F.R. § 73.3(e); *see also United States v. Rafiekian*, 991 F.3d 529, 535 n.6 (4th Cir. 2021).

### PROCEDURAL HISTORY

On May 5, 2022, Sohil Khurana, a policy advisor and associate at the law firm Brownstein Hyatt Farber Schreck, filed a FOIA request with the NSD, seeking: (1) any notification of registration as an agent of a foreign government under 18 U.S.C. § 951 by an

3

individual or entity in each case in the last ten years; (2) a list of each individual or entity currently registered with DOJ under 18 U.S.C. § 951; and (3) any notification of termination and re-notification following such termination under 18 U.S.C. § 951 for the past ten years. Compl. Ex. 1, ECF No. 1-1. Mr. Khurana sought any such records that were submitted to NSD; Interpol-United States National Central Bureau; DOJ's Office of International Affairs, Criminal Division; or any employee or supervisor of those divisions, including the Attorney General of the United States. *See id*. At the time he submitted his request, Mr. Khurana did not identify any connection to Plaintiff or request expediting processing under 28 C.F.R. § 16.5(e). *See id*.

On June 8, 2022, NSD sent Mr. Khurana an acknowledgment of the FOIA request. Compl. ¶ 34. On July 30, nearly two months after submitting his FOIA request, Mr. Khurana submitted a request for expedited processing of his FOIA request. *Id*. ¶ 36.

On July 8, 2022, NSD issued a response to Mr. Khurana's FOIA request that included what is known as a "*Glomar*" response.[3] *Id*. ¶ 37–38; *see also id*. Ex. 2, ECF No 1-2. A *Glomar* response refuses to confirm or deny the existence of responsive records, because the existence or non-existence of such records is itself a fact whose disclosure would cause cognizable harm under, or otherwise implicate, FOIA exemptions. *See id*. ¶ 38. In the final response, NSD explained that it maintains investigative and prosecutorial records pertaining to the subjects of NSD investigations, and that NSD interpreted the citation to 18 U.S.C. § 951 to implicate such records. *Id*. Ex. 2 at 1. NSD further explained that to the extent Mr. Khurana was seeking information based on any 18 U.S.C. § 951 submissions that have not already been made public,

---

[3] The term "*Glomar* response" originates from a case involving a FOIA request about the "Glomar Explorer" submarine. *See Phillippi v. Central Intelligence Agency*, 546 F.2d 1009 (D.C. Cir. 1976).

4

NSD could neither confirm nor deny the existence of such records because the confirmation or denial would implicate FOIA Exemptions 6 and/or 7, which protect personal privacy. *Id.* NSD also confirmed in the final response that it did not locate any responsive records that would not be covered by the *Glomar* response. *Id.* Finally, NSD alerted Mr. Khurana in the final response that to the extent that he sought registrations filed pursuant to the Foreign Agent Registration Act,[4] that information was publicly available. *Id.*

The *Glomar* response notified Mr. Khurana that he could submit an administrative appeal of the decision. *Id.* Plaintiff does not state in his Complaint that either he or Mr. Khurana filed an administrative appeal of the decision. Instead, Plaintiff filed this suit on July 21, 2022.[5] Compl., ECF No. 1. Plaintiff asserts three causes of action. In Count I, Plaintiff challenges the adequacy of NSD's search on the basis that NSD has "refus[ed] to confirm or deny the existence of documents responsive to his request" and issued an "incomplete" response to Mr. Khurana's FOIA request on July 8, 2022. Compl. ¶¶ 57, 58. In Count II, Plaintiff alleges that Defendant "has . . . not properly responded to Mr. Barrack's FOIA request within the statutorily mandated timeframe" "[b]y refusing to acknowledge whether requested materials potentially subject to FOIA exemptions do or do not exist." *Id.* ¶ 65. In Count III, Plaintiff alleges that NSD "has improperly withheld agency records responsive to Mr. Barrack's FOIA request in violation of FOIA," *id.* ¶ 75, because it "has not released any records or portions thereof in response to Mr.

---

[4] Pursuant to 28 C.F.R. § 73.3(e), registration under FARA qualifies as a notification under 18 U.S.C. § 951.

[5] That same day, Plaintiff filed a motion for a preliminary injunction, seeking for this Court to order NSD to "conduct a proper search under FOIA; properly respond to the May 5, 2022 FOIA request; and produce the requested materials within ten (10) days of the Court's entry of an order granting the Motion." Pl.'s Mot. for a Prelim. Inj. at 23 (Mot.), ECF No. 2.

Barrack's FOIA request," *id.* ¶ 70 and "has further stated with no support that some records, to the extent they exist, are subject to exemptions from disclosure under FOIA," *id.* ¶ 71.

## ARGUMENT

### I.  Standard of Review

Federal courts are courts of limited jurisdiction, possessing only those powers specifically granted to them by either the U.S. Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). All matters are presumed to lie outside the limited jurisdiction of federal courts until the plaintiff carries its burden of establishing that subject matter jurisdiction is proper. *Id.* at 376–78; *see also Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *Consumers Gas & Oil, Inc. v. Farmland Indus. Inc.*, 815 F. Supp. 1403, 1408 (D. Colo. 1992) (courts apply a rigorous standard of review when presented a motion to dismiss for lack of subject matter jurisdiction). The Court has wide discretion to consider affidavits or other evidence to resolve factual jurisdictional issues. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (citations omitted). The Court accepts the well-pleaded factual allegations of the complaint as true and views them in a light most favorable to the plaintiff. *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

6

However, the Court does not accept legal allegations in a complaint as true. *Khalik*, 671 F.3d at 1190; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Plaintiff does not have standing to pursue his claims.

To establish standing, "a plaintiff must demonstrate that (1) he or she has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision." *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) (cleaned up).

In the context of a FOIA claim, standing requires that a plaintiff show "that they sought and were denied specific agency records." *Public Citizen v. DOJ*, 491 U.S. 440, 449 (1989) (citations omitted); *see also McDonnell v. United States*, 4 F.3d 1227, 1238 (3d Cir. 1993). Therefore, if a plaintiff has not actually made a FOIA request, he does not have standing to challenge the response to the request. *Smallwood v. DOJ*, 266 F. Supp. 3d 217, 220 (D.D.C. 2017) (citations omitted); *Osterman v. U.S. Army Corps of Eng'rs.*, 2014 WL 5500396, at *2 (W.D. Wash. Oct. 30, 2014) ("the individual who made the FOIA request is the only individual who has standing to challenge an agency's response to that request"). This is because "a person whose name does not appear on a request for records has not made a formal request for documents within the meaning of the statute. Such a person, regardless of his or her personal interest in disclosure of the requested documents, has no right to receive . . . the documents." *McDonnell*, 4 F.3d at 1236–37 (plaintiff did not have standing to pursue FOIA claim where his name did not appear on the request for records).

When an attorney makes a FOIA request on behalf of a client, "the attorney must *clearly indicate* that it is being made on behalf of the client to give that client standing to bring a FOIA

7

challenge." *Smallwood*, 266 F. Supp. 3d at 220 (cleaned up) (emphasis added); *Three Forks Ranch Corp. v. Bureau of Land Mgmt.*, 358 F.Supp.2d 1, 3 (D.D.C. 2005) (citations omitted) ("courts have found that an attorney must adequately identify that he is making the FOIA request for his client in order for the client to have standing to pursue a FOIA action"). "[C]ourts routinely dismiss FOIA suits where an attorney filed the initial request without indicating that the request was made on behalf of the plaintiff." *Smallwood*, 266 F. Supp. 3d at 220 (collecting cases); *accord Unigard Ins. Co. v. Dep't of Treas.*, 997 F. Supp. 1339, 1342 (S.D. Cal. 1997) ("[a] person whose name does not appear on the request for disclosure lacks standing to sue under FOIA, even if his interest was asserted in the request"); *Fieger v. FEC*, 690 F. Supp. 2d 644, 650 (E.D. Mich. 2010) ("federal FOIA jurisprudence leaves no doubt that a lawyer's request for information must plainly spell out the representative capacity and the identity of the client before that client can bring a FOIA action in her own name").

This is so even where a subsequent communication indicates that the request was made on behalf the plaintiff. *See Smallwood*, 266 F. Supp. 3d at 221 (plaintiff did not have standing to pursue FOIA claim where initial request did not mention him, even though administrative appeal of the denial of the request stated that the initial request had been made on behalf of plaintiff); *cf. McDonnell*, 4 F.3d at 1238 n.6 (passing reference to plaintiff in follow-up communication to agency "did not sufficiently identify him with the person making the request to confer on him standing to challenge the denial of the request"); *but see Sierra Club v. EPA*, 75 F. Supp. 3d 1125, 1139–40 (N.D. Cal. 2014). Otherwise, "there would be nothing to prohibit a party from piggy-backing onto an existing request at any point in the administrative and/or judicial process. Such was not the intent of Congress." *Osterman*, 2014 WL 5500396, at *4 (citing *McDonnell*, 4

F.3d at 1237).

Here, Mr. Khurana submitted the FOIA request that is the subject of this lawsuit. ECF No. 2-1. The request did not mention Plaintiff or indicate in any way that Mr. Khurana was requesting the records on behalf of a client. Mr. Khurana himself sent all follow-up correspondence related to the FOIA request, referring to it at times as "*my* FOIA request," and making statements such as "*I* have not yet received a response." *See, e.g.*, ECF No. 2-3 at 2; ECF No. 2-4 at 1, 2 (emphasis added). NSD therefore consistently treated the FOIA request as having been submitted solely by Mr. Khurana, addressing all communications concerning the request to him. *See* ECF No. 2-2 at 1; ECF No. 2-5; ECF No. 2-7 at 3; ECF No. 2-8; ECF No. 2-9.

Indeed, in the correspondence between Mr. Khurana and DOJ that are referenced in the Complaint, only one communication even mentions Plaintiff. Mr. Khurana sent the communication almost two months after he submitted the initial FOIA request in an attempt to obtain expedited processing of the request.[6] *See* ECF No. 2-7 at 2–3. The communication generally describes the criminal proceedings against Plaintiff as justification for expedited processing. *See id*. However, the communication still does not identify Plaintiff as the party making the FOIA request, nor does it specifically state that Mr. Khurana submitted the FOIA request on behalf of Plaintiff. *See id*. It is therefore insufficient to give Plaintiff standing to challenge NSD's FOIA response. *See McDonnell*, 4 F.3d at 1238 n.6.

---

[6] Mr. Khurana's request for expedited processing is incorporated by reference in the Complaint. *See* Compl. ¶ 36. Accordingly, the document, which Plaintiff filed as an exhibit attached to his motion for a preliminary injunction, may be considered in adjudicating this motion to dismiss. "On a motion to dismiss, the court may consider the complaint itself and any attached exhibits or any documents incorporated into the complaint by reference." *Zurich Am. Ins. Co. v. BNSF Ry. Co.*, No. 20-2411-JWB, 2020 WL 6742795, at *2 (D. Kan. Nov. 17, 2020) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).

9

### III. Plaintiff failed to exhaust his administrative remedies.

Plaintiff's Complaint should also be dismissed because Plaintiff failed to exhaust his administrative remedies. "Generally, a plaintiff must exhaust her administrative remedies under FOIA before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Hull v. IRS*, 656 F.3d 1174, 1179 (10th Cir. 2011) (cleaned up). Although a failure to exhaust administrative remedies under FOIA is not a jurisdictional prerequisite, "it is well accepted that FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review." *Id.* at 1181–82 (cleaned up); *see also Scherer v. U.S., Dep't of Educ.*, 78 F. App'x 687, 690 (10th Cir. 2003) (affirming the district court's dismissal under Rule 12(b)(6) of a FOIA complaint for failure to exhaust administrative remedies).

There are two ways for a requester to exhaust administrative remedies under the FOIA: (1) actual exhaustion, 5 U.S.C. § 552(a)(6)(A)(i), and (2) constructive exhaustion, *id.* § 552(a)(6)(C)(i). Actual exhaustion occurs when a requester appeals a negative determination to the agency. *See id.* § 552(a)(6)(A)(i); 39 C.F.R. § 265.8(d) ("Before seeking judicial review of a [Postal Service] component's adverse determination, a requester generally must first submit a timely administrative appeal."). A requester constructively exhausts administrative remedies if the agency fails to make a determination on the request within twenty working days. *Id.* § 552(a)(6)(C)(i). Neither has occurred here. That is because, despite the fact that Defendant did not make a determination on Mr. Khurana's FOIA request within 20 working days, it nonetheless issued a final response to the request on July 8, 2022, before Plaintiff filed suit, and the Complaint does not indicate that Plaintiff or Mr. Khurana filed an administrative appeal of that

10

decision.[7] "Where an agency has . . . failed to respond to a request within the statutory deadlines, if the agency replies before the requester files suit, the exhaustion requirement still applies." *Lowe v. Drug Enf't Admin.*, No. CIV.A. 06-1133 (CKK), 2007 WL 2104309, at *4 (D.D.C. July 22, 2007) (citing *Judicial Watch v. Rossotti,* 326 F.3d 1309, 1310 (D.C. Cir. 2003); *Oglesby,* 920 F.2d at 64–65). Plaintiff's Complaint should be dismissed on this basis alone.[8]

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed.

August 24, 2022                     Respectfully submitted,

                                                    BRIAN M. BOYNTON
                                                    Principal Deputy Assistant Attorney General

                                                    ELIZABETH J. SHAPIRO
                                                    Deputy Branch Director

                                                    /s/ *Vinita B. Andrapalliyal*
                                                    Vinita B. Andrapalliyal
                                                    Trial Attorney
                                                    United States Department of Justice
                                                    Civil Division, Federal Programs Branch
                                                    P.O. Box 883

---

[7] Defendant's subsequent decision to lift the *Glomar* response it issued on July 8, 2022, which Defendant discusses in its opposition to Plaintiff's preliminary-injunction motion, ECF No. 13, has no bearing on the exhaustion analysis. Failure to exhaust is assessed at the time the requester brings suit. *See Oglesby*, 920 F.2d at 61–62 ("Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process *before* an individual may seek relief in the courts.") (emphasis added). "The exhaustion requirement serves multiple purposes, including providing an agency the opportunity to 'review its initial determination, apply its expertise, correct any errors, and create an ample record in the process.'" *Nat'l Sec. Counselors v. CIA*, 931 F. Supp. 2d 77, 99–100 (D.D.C. 2013).

[8] As Plaintiff acknowledges, DOJ's Office of Information Policy (OIP) erroneously docketed one of Mr. Khurana's emails as an administrative appeal, *see* Compl. ¶ 46, and, therefore, OIP's subsequent "decision on [the] alleged appeal" does not bear on the exhaustion analysis, either. NSD's final response of July 8, 2022 is the controlling response.

>Washington, DC 20044
>Tel: (202) 305-0845
>vinita.b.andrapalliyal@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE (CM/ECF)

I certify that I served this motion on all counsel of record through the court's CM/ECF filing system.

>*/s/ Vinita B. Andrapalliyal*
>Trial Attorney
>U.S. Department of Justice