IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 22-cv-01800-RM

THOMAS J. BARRACK, JR.

     Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

     Defendant.

---

## REPLY OF THOMAS J. BARRACK, JR. IN SUPPORT OF HIS EXPEDITED MOTION FOR PRELIMINARY INJUNCTION

---

COMES NOW Thomas J. Barrack, Jr., through his counsel of record, Brownstein Hyatt Farber Schreck, LLP, and, pursuant to D.C.COLO.LCivR 7.1 and the Court's Practice Standards for Civil Actions, hereby respectfully submits his Reply in Support of His Expedited Motion for Preliminary Injunction ("Motion").[1] In support of the Motion, Mr. Barrack states as follows:

### INTRODUCTION

Mr. Barrack brought this lawsuit after the National Security Division ("NSD") of Defendant United States Department of Justice ("DOJ") failed to properly respond to his Freedom of Information Act ("FOIA") request long after the statutory deadline to do so expired. Since this lawsuit began, NSD has begun processing Mr. Barrack's request, issued a new response thereto, and even produced some responsive documents. The DOJ's Response to the Motion ("Response") relies

---

[1] At a hearing on August 5, 2022, the Court denied Mr. Barrack's request that the Motion be heard on an expedited basis. See Courtroom Minutes (Aug. 5, 2022), ECF No. 10. Mr. Barrack refers to the Motion as "expedited" merely to avoid any confusion which might arise by changing the name of the Motion in this reply brief.

heavily on NSD's recent (and untimely) processing of Mr. Barrack's request. However, NSD's recent efforts only highlight NSD's misrepresentations in its earlier responses to Mr. Barrack and the agency's concerning disregard for its obligations under FOIA. Lest NSD's recent overtures prove to be as hollow as its past representations, the preliminary injunctive relief Mr. Barrack seeks in the Motion is still warranted and necessary, especially in light of the substantial liberty interests underlying Mr. Barrack's FOIA request.

## ARGUMENT

### I.   FOIA DOES NOT LIMIT THE COURT'S ABILITY TO ISSUE THE PRELIMINARY INJUNCTIVE RELIEF MR. BARRACK SEEKS.

To establish he is entitled to preliminary injunctive relief, Mr. Barrack must show that each of four factors weigh in his favor: (1) he is substantially likely to succeed on the merits, (2) he will suffer irreparable injury if an injunction is denied; (3) the threatened injury to Mr. Barrack outweighs the injury facing the DOJ under the injunction; and (4) the injunction is not adverse to the public interest. Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC, 562 F.3d 1067, 1070 (10th Cir. 2009). Additionally, the parties do not dispute that, because the Motion seeks a mandatory injunction (among other factors), Mr. Barrack must also make a strong showing on the likelihood of success on the merits and the balance of harms. Id. at 1071.

The DOJ suggests preliminary injunctions are categorically inappropriate in FOIA lawsuits, in part because of the structure of FOIA. Resp. at 8. But this is plainly incorrect. FOIA does not proscribe preliminary injunctive relief, and nothing in the statute suggests Congress meant to alter the judiciary's well-established process for assessing requests for injunctive relief under Fed. R. Civ. P. 65. Accordingly, courts have recognized "FOIA imposes no limits on courts' equitable powers in enforcing its terms." Payne Enters., Inc. v. United States, 837 F.2d 486, 494

(D.C. Cir. 1988) (citation omitted).

The DOJ also suggests injunctive relief is improper in FOIA cases because it would allow a plaintiff to bypass the litigation process. Resp. at 9. However, none of the cases on which the DOJ relies denied injunctive relief on that basis; instead, the motions were denied because the plaintiff could not establish one or more of the traditional preliminary-injunction factors. See, e.g., Daily Caller v. U.S. Dep't of State, 152 F. Supp. 3d 1, 9–15 (D.D.C. 2015) (finding the plaintiff satisfied none of the preliminary-injunction factors); Long v. Dep't of Homeland Sec., 436 F. Supp. 2d 38, 42–45 (D.D.C. 2006) (same); Elec. Privacy Info. Ctr. v. DOJ, No. 1:03-cv-2078, Order at 1 (D.D.C. Oct. 20, 2003), ECF No. 4 (interpreting the plaintiff's request for a preliminary injunction as a petition for writ of mandamus and finding the plaintiff failed to satisfy the requirement that the act which plaintiff demands of the government be nondiscretionary).

Thus, nothing about FOIA alters the Court's analysis of the Motion, and the Court should apply the same analysis it would for any request for mandatory, preliminary injunctive relief. In its Response, the DOJ asserts various arguments as to why the preliminary-injunction factors weigh against Mr. Barrack. Those arguments are taken up and refuted in the sections that follow.

II.   **MR. BARRACK IS ENTITLED TO A PRELIMINARY INJUNCTION BECAUSE EACH RELEVANT FACTOR WEIGHS IN HIS FAVOR.**

    A.   There Are No Justiciability Issues Preventing Mr. Barrack from Success on the Merits, and He Has Exhausted His Administrative Remedies.

        1.   Mr. Barrack has standing to bring this lawsuit.

The DOJ argues Mr. Barrack lacks standing to bring this lawsuit because he was not properly disclosed by his attorneys as the ultimate requesting party. Resp. at 10–12. This position, however, ignores the sworn statements of Kevin Tiernan, Supervisory Records Manager in the

Records and FOIA Unit of the NSD, which show NSD was timely made aware that Mr. Barrack's counsel was acting on Mr. Barrack's behalf.

To establish standing generally, a party bringing suit in federal court must show: (1) it has suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) the injury is fairly traceable to the defendant; and (3) the injury is likely to be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000). In the context of FOIA, a party is deemed to have suffered an injury when the government fails to respond to a FOIA request in a timely manner. Gilmore v. U.S. Dep't of Energy, 33 F.Supp.2d 1184, 1189 (N.D.Cal.1998) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

Typically, the individual or entity submitting the FOIA request is deemed to have suffered the injury for the purposes of standing. Smallwood v. U.S. Dep't of Just., 266 F. Supp. 3d 217, 220 (D.D.C. 2017) (citations omitted). But this does not mean an attorney's client necessarily lacks standing when the attorney submits a FOIA request on the client's behalf. Id. Rather, the inquiry becomes whether the attorney adequately conveys to the government agency that his or her client is the true requesting party, such that the agency is on notice that the client is in fact making the FOIA request. Menasha Corp. v. U.S. Dep't of Just., No. 11-C-682, 2012 WL 1034933, at *3 (E.D. Wis. Mar. 26, 2012). The client's involvement may be disclosed in correspondence to the agency taking place after the initial FOIA request. See, e.g., id. (finding agency was sufficiently aware of client's involvement in FOIA request based on various correspondence with the agency that took place after the request was filed). Some courts have even found disclosure to be timely when it occurred during the administrative appeals process. See Olsen v. U.S. Dep't of Transp. Fed. Transit Admin., No. C 02-00673 WHA, 2002 WL 31738794, at *2 n.2 (N.D. Cal. Dec. 2, 2002).

In this case, Mr. Barrack's counsel, Sohil Khurana, did not identify Mr. Barrack as the ultimate requesting party in Mr. Barrack's May 5, 2022 FOIA request. Mot. Ex. 1. However, Mr. Khurana conveyed Mr. Barrack's role as the requesting party when he sought expedited processing of Mr. Barrack's request on June 30, 2022. Mot. Ex. 7. Specifically, Mr. Khurana explained that expedited processing was necessary due to interests that were personal to Mr. Barrack, namely Mr. Barrack's impending trial and the accompanying risk of loss of his due process rights. Id. In its Response to the Motion, the DOJ suggests this correspondence was still not clear enough to establish Mr. Barrack's standing to bring this lawsuit. Resp. at 12. However, the declaration of Mr. Tiernan states unequivocally that Mr. Khurana represented in his June 30, 2022 expedition request that he was "seeking these responsive records on behalf of Plaintiff Thomas J. Barrack in advance of Mr. Barrack's upcoming criminal trial." Resp. Ex. 1 ¶ 8 (Tiernan Decl.).

By NSD's own admission, Mr. Khurana's June 30, 2022 correspondence informed the agency of Mr. Barrack's role as the requesting party. The law requires no more, and Mr. Barrack has standing to bring this suit.

2.   <u>Mr. Barrack exhausted his administrative remedies.</u>

The DOJ also argues Mr. Barrack cannot succeed on the merits because he failed to exhaust his administrative remedies. But the DOJ's position ignores the status of NSD's responses as they were conveyed to Mr. Barrack's counsel and the actions of NSD after this lawsuit began.

Generally, a FOIA plaintiff must exhaust his or her administrative remedies before filing suit in federal court. <u>Hull v. Int. Rev. Serv., U.S. Dep't of Treasury</u>, 656 F.3d 1174, 1179 (10th Cir. 2011). However, when an agency fails to timely respond to a FOIA request, the requesting party is deemed to have constructively exhausted its administrative remedies and may proceed to

federal court. 5 U.S.C. § 552(a)(6)(C)(i). In order to trigger FOIA's exhaustion requirement, an agency's response must (in relevant part) "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." <u>Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n</u>, 711 F.3d 180, 186 (D.C. Cir. 2013) (Kavanaugh, J.).

Additionally, exhaustion is a prudential, not jurisdictional, doctrine. <u>Hull</u>, 656 F.3d at 1182. Thus, failure to exhaust administrative remedies only precludes judicial review if "'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar." <u>Id.</u> at 1183 (citation omitted). The purposes of exhaustion are threefold: (1) preventing premature interference with agency processes; (2) affording the parties and the courts the benefit of the agency's experience and expertise; and (3) compiling a record which is adequate for judicial review. <u>Id.</u>

Here, NSD provided a supposedly final determination regarding Mr. Barrack's FOIA request on July 8, 2022. <u>See</u> Mot. Ex. 8. However, six days later, Mr. Barrack's counsel received a letter from Daniel Castellano, an Associate Chief of the Administrative Appeals Staff in the DOJ's Office of Information Policy ("OIP"), informing counsel that OIP was denying an appeal which had been erroneously docketed months earlier. <u>See</u> Mot. Exs. 9, 10. The issue with Mr. Castellano's letter was not the denial of the erroneous appeal, but the representations Mr. Castellano made regarding NSD's processing of Mr. Barrack's FOIA request. Mr. Castellano explained he had spoken to NSD, and he assured Mr. Barrack's counsel that the request was being processed. Mot. Ex. 9. He even informed Mr. Barrack's counsel that Mr. Barrack could file an appeal to OIP after he received NSD's supposedly forthcoming final response. <u>Id.</u>

DOJ has now taken the position that Mr. Castellano's correspondence was based on

information which was "out of date." Resp. Ex. 1 ¶ 9. But the agency did not correct the information Mr. Castellano conveyed to Mr. Barrack's counsel. Thus, from Mr. Barrack's perspective, NSD's July 8, 2022 letter was only a partial response to his FOIA request. As a partial response, NSD's letter could not have set out the full scope of the materials the agency intended to withdraw and produce. Accordingly, the letter was insufficient to trigger FOIA's exhaustion requirement. Citizens for Responsibility & Ethics in Wash. 711 F.3d at 186. Because a full and proper response from NSD would have been several weeks late at the time of Mr. Castellano's July 14, 2022 correspondence, Mr. Barrack's administrative remedies were constructively exhausted and he was free to commence this lawsuit. 5 U.S.C. § 552(a)(6)(C)(i).

Further, even if Mr. Barrack has not exhausted his administrative remedies, which he constructively has, the purposes of FOIA do not support barring judicial review. Hull, 656 F.3d at 1183. First, there has been no premature interference with NSD's processes. Id. Mr. Tiernan states in his declaration that NSD is processing Mr. Barrack's request and is pursuing what it claims to be the final seven pages of responsive materials. Resp. Ex. 1 ¶¶ 10–16. This has all occurred without an order of the Court. Second, NSD has had several chances to apply its expertise to Mr. Barrack's request. Hull, 656 F.3d at 1183. Indeed, the application of that expertise has yielded a variety of results—from a "Glomar" response[2] in which NSD took the position that the mere existence of responsive documents would disclose FOIA-exempt information; to the stunning view expressed by DOJ counsel from NSD during a meet and confer call in this matter that no one would file a notice under 18 U.S.C. § 951 because notification under § 951 is tantamount to an admission

---

[2] A "Glomar" response refuses to confirm or deny the existence of responsive records, because the existence or non-existence of such records is itself a fact exempt under FOIA." Gallagher v. NSA-national Sec. Agency, No. 18-CV-01525-RM-KMT, 2020 WL 5519173, at *1 (D. Colo. Aug. 24, 2020).

of a crime; and to NSD's most recent about-face that responsive records can not only be acknowledged but also produced. NSD has had multiple opportunities to revisit its responses to Mr. Barrack's FOIA request, thus fulfilling the purpose of an administrative appeal. Finally, NSD is currently identifying responsive materials as per its revised response of August 12, 2022, thus building a full record for judicial review. Hull, 656 F.3d at 1183. The purposes of exhaustion have all been met. As a result, dismissal on exhaustion grounds is inappropriate.

### 3.   NSD's incomplete response has not rendered the Motion moot.

DOJ argues Mr. Barrack cannot succeed on the merits of this lawsuit because NSD has agreed to process his request and has made an initial production of documents. Resp. at 14. DOJ bases this mootness argument on the doctrine of prudential mootness, which typically applies in the context of preliminary injunctions when the defendant "is in the process of changing its policies *such that any repeat of the actions in question is unlikely*." Am. Const. L. Found., Inc. v. Davidson, 211 F.3d 1277, 2000 WL 488460, at *2 (10th Cir. 2000) (emphasis added) (unpublished table decision). However, NSD's behavior regarding Mr. Barrack's FOIA request casts doubt on whether NSD will continue to timely process his request if injunctive relief is not granted.

Mr. Tiernan's declaration makes clear NSD has not completed processing Mr. Barrack's request. Resp. Ex. 1 ¶ 15. And, already, NSD has demonstrated questionable reliability in its handling of Mr. Barrack's request. In its July 8, 2022 "Glomar" response, NSD took an extreme position: merely confirming or denying the existence of responsive records would disclose exempted information under FOIA. Mot. Ex. 8. However, NSD's current response is irreconcilable with its "Glomar" response and shows the "Glomar" response was unfounded. Not only does NSD's current response suddenly acknowledge the existence of the records responsive to Mr.

Barrack's request, but NSD has also produced some of those records. Resp. Ex.1-H.

These extreme and incompatible positions show NSD had no basis to make a "Glomar" response, yet it did so anyway for reasons which have never been explained. In these circumstances, the Court should not deem a "repeat" of NSD's questionable actions to be "unlikely" until the agency has completed its processing of the request and produced to him all non-exempt records. <u>Am. Const. L. Found., Inc.</u>, 2000 WL 4488460, at *2.

      B.    <u>NSD's Failure to Process Mr. Barrack's Request Will Cause Mr. Barrack Irreparable Harm by Denying Him Exculpatory Evidence Showing He Is the Subject of a Political Witch Hunt.</u>

At its core, the irreparable harm Mr. Barrack faces is the deprivation of his liberty via a prison sentence if he is found to have violated 18 U.S.C. § 951. Given his advanced age (75), the deprivation could be permanent. The DOJ does not appear to dispute that the threat to Mr. Barrack's liberty is significant. Indeed, in connection with other FOIA requests, other government agencies have determined Mr. Barrack's liberty and due process interests constitute a "compelling need" that warrant expedited processing of those requests. <u>See</u> Letter from J. Zawacki to S. Khurana, at 2 (Aug. 5, 2022), a true and correct copy of which is attached hereto as **Exhibit 1**; Electronic mail from C. Pearson to S. Khurana (Aug. 10, 2022), a true and correct copy of which is attached hereto as **Exhibit 2**; 5 U.S.C. § 552(a)(6)(E)(i)(I). Instead, DOJ appears to take issue with the relationship between the records Mr. Barrack seeks and his liberty interests, the relationship between his FOIA request and efforts to obtain the materials in his criminal case, and the timing of his FOIA request to NSD.

The nature of FOIA as a request for materials not in Mr. Barrack's possession put Mr. Barrack in a bind when trying to explain the relationship between the requested records and their

potential impact on his upcoming trial. Without the documents themselves, any relationship Mr.

Barrack attempted to articulate was going to be speculative. Admittedly, Mr. Barrack could have

set out what he hoped to find in the requested materials, and how those materials would aid his

defense. But it is not clear how such an approach cures the DOJ's concerns about speculation; it

merely substitutes one form of speculation for another.

But NSD's August 12, 2022 revised response and initial document production showed

exactly what Mr. Barrack suggested in the Motion: how DOJ administers § 951's notice

requirement and the types of activities which trigger the requirement. Mot. at 21. NSD's August

12, 2022 revised response states the agency identified twenty-three pages of responsive

documents. See Resp. Ex. 1-H, at 2. Three pages (comprising one record) involve the activities of

a foreign law enforcement agency. Id. Thirteen pages (comprising four records) concern the

activities of a U.S.-based law firm performing work on behalf of a foreign government. See e.g.,

id.; Letter from Redacted Law Firm to E. Holder (Aug. 29, 2012), a true and correct copy of which

as produced by NSD is attached hereto as **Exhibit 3**. Seven more pages are yet to be produced.

Resp. Ex. 1-H, at 2. The materials produced to date show § 951 is a relic of a bygone anti-espionage

scheme,[3] and the notice requirement under § 951 (as opposed to registration under the Foreign

Agents Registry Act) arises in limited circumstances. These circumstances are factually

distinguishable from the allegations against Mr. Barrack. The Government cannot show, for

example, that Mr. Barrack was engaged in a foreign criminal investigation or that he had the type

of agency relationship with a foreign government that a law firm has with its clients. Mr. Barrack

reasonably believes based on NSD's initial production that the remaining seven pages to be

---

[3] The general history behind § 951 is described on Pages 3 and 4 of the Motion.

produced will similarly show § 951 is inapplicable to his activities.

Regarding the DOJ's argument that Mr. Barrack cannot show irreparable harm because he did not seek the requested records in his criminal case, this wrongly assumes Mr. Barrack could have obtained the records through discovery in that matter. In March 2022, after months of being stonewalled by federal prosecutors in his efforts to obtain from the government exculpatory evidence, Mr. Barrack filed a motion to compel the production of various materials. See generally Mem. in Supp. of Mot. to Compel, United States v. Al Malik Alshahhi, et al., No. 1:21-cr-00371-BMC-TAM-2 (E.D.N.Y. Mar. 21, 2022), ECF No. 89-1. Although the materials he sought to compel did not include the records requested in Mr. Barrack's FOIA request, the motion was completely denied. Al Malik Alshahni, slip op. at 46–55 (E.D.N.Y. June 22, 2022), ECF No. 120. Additionally, regarding Mr. Barrack's motion to dismiss on the grounds of prejudice caused by prosecutorial delay, the Court stated, "Barrack does not provide a single concrete example of attempts he has made to obtain documents, nor does he offer examples about how these attempts have been frustrated by the passage of time." Id. at 26. It is plain that Mr. Barrack cannot rely solely on discovery in his criminal case to obtain exculpatory information, and his ability to obtain such information from other sources has broad ramifications for his criminal case.

Mr. Barrack has made the reasoned choice to submit FOIA requests to government agencies seeking potentially exculpatory information, including the request at issue in this case. In these circumstances, Mr. Barrack did not delay in sending his FOIA request to NSD. When his search for exculpatory information widened, he acted promptly.

The DOJ attempts to hold against Mr. Barrack his inability to know the contents of materials he has never seen and for adapting to changing circumstances in his criminal

proceedings. But the urgency in this matter is tied to Mr. Barrack's liberty, and the materials NSD has produced show the government has brushed off an archaic statute in pursuit of a witch hunt. NSD's continued withholding of materials showing the same will irreparably harm Mr. Barrack.

       C.    <u>The Balance of Equities and Public Interest Favors a Preliminary Injunction to Hold NSD Accountable for Shirking Its Statutory Obligations.</u>

The DOJ's position regarding the balance of equities and public interest factors amounts to the agency advocating for the "orderly processing of all FOIA requests." Resp. at 19. Mr. Barrack agrees there is a public interest in the orderly processing of FOIA requests; NSD's utter *disorder* in processing his FOIA request is precisely why he had to bring this lawsuit.

Mr. Khurana, on behalf of Mr. Barrack, submitted Mr. Barrack's FOIA request on May 5, 2022. Mot. Ex. 1. Having not received a response nearly a month later, on June 2, 2022, he contacted OIP to check on the status of the request because his efforts to contact NSD's FOIA Requester Service Center were unsuccessful. Mot. Ex. 3. OIP misconstrued this request for a status update as an appeal of a decision NSD never made. Mot. Ex. 5. NSD did not acknowledge Mr. Barrack's FOIA request until June 8, 2022, five days after NSD's deadline to respond to the request. Mot. Ex. 7. NSD did not provide a substantive response to Mr. Barrack's FOIA request until July 8, 2022, thirty-five days after NSD's response deadline. Mot. Ex. 8. In that correspondence, NSD provided a "Glomar" response, representing that the records sought were so sensitive that the mere confirmation or denial of their existence would reveal exempted information. <u>Id.</u> Six days later (and forty-one days after NSD's statutory deadline to respond to Mr. Barrack's request), OIP informed Mr. Khurana that, in fact, NSD was still processing Mr. Barrack's request. Mot. Ex. 9. Continuing the contradictions, on August 12, 2022 (*seventy* days after its response to Mr. Barrack's request was due), NSD revealed the representations in its

"Glomar" response were unfounded: not only could NSD acknowledge the existence of documents responsive to Mr. Barrack's request, but it could actually produce them. Resp. Ex. 1-H. "[T]here is an overriding public interest . . . in the general importance of an agency's faithful adherence to its statutory mandate." Jacksonville Port Auth. v. Adams, 556 F.2d 52, 59 (D.C.Cir.1977). NSD responded to Mr. Barrack's FOIA request in whatever time and whatever manner most convenient to the agency without any regard for its statutory obligations. There is a strong public interest in ensuring such behavior is not condoned and NSD is held accountable for its breaches of its statutory duties.

DOJ also argues that an order requiring NSD to process Mr. Barrack's request on an expedited time frame harms the public by creating a risk of inadvertent disclosure of exempted materials. Resp. at 18–19. But this argument ignores that DOJ allows for expedited processing where (like in this case) the substantial due process rights of the requester would be impaired, and the agency prioritizes urgent requests and processes them out of turn. U.S. Dep't of Just., FOIA Update: OIP Guidance: When to Expedite FOIA Requests, https://www.justice.gov/oip/blog/foia-update-oip-guidance-when-expedite-foia-requests (last visited August 29, 2022).

Additionally, DOJ's argument clashes with the reality of this case. The cases DOJ cites in support of its argument involved complex FOIA requests, and the agencies had not identified the full scope of responsive materials when the plaintiffs brought suit. See Protect Democracy Proj., Inc. v. U.S. Dep't of Just., 263 F. Supp. 3d 293, 297 (D.D.C. 2017) (noting "DOJ components had not conducted even a preliminary search for relevant documents, and they offered no estimated timeline"); Daily Caller v. U.S. Dep't of State, 152 F. Supp. 3d 1, 4–5 (D.D.C. 2015) (noting the Department of State had not yet determined the volume of potentially responsive records roughly

one month after the plaintiff brought suit). In contrast, NSD claims to have identified all responsive documents in its possession and processed all but seven pages of documents. Resp. Ex. 1-H, at 2. NSD claims it must consult with other government agencies regarding the materials, and that consultation is already underway. Id.[4] Absent an extraordinary lack of care, it is implausible NSD would "inadvertently" disclose all or some of these seven pages if they are exempt from disclosure.

Finally, DOJ offers, without elaboration, that granting the Motion "would be tantamount to issuing an advisory opinion at this point, given Defendant's ongoing processing of Mr. Khurana's requested records." Resp. at 18. The DOJ's citation to Jordan v. Sosa suggests the agency believes "[a]ny prospective relief that [the Court] might order against the named defendants would be too abstract and lacking in real-world impact to satisfy the requirements of the Constitution." 654 F.3d 1012, 1030 (10th Cir. 2011). But the relief Mr. Barrack seeks is very tangible: he asks the Court to order NSD to continue processing his request and produce responsive, non-exempt records within ten days of the Court's order. NSD has not completed processing Mr. Barrack's request and it has not produced all responsive, non-exempt documents. There is nothing abstract about the injunctive relief Mr. Barrack seeks.

In the end, despite the DOJ's arguments to the contrary, each of the four preliminary-injunction factors weigh in Mr. Barrack's favor. He is entitled to the preliminary injunction he seeks, and the Court should grant the Motion.

### III.    THE COURT SHOULD NOT CONSOLIDATE THE HEARING ON THE MOTION WITH THE TRIAL ON THE MERITS.

In light of NSD's August 12, 2022 revised response and the Motion to Dismiss filed by the

---

[4] This consultation is voluntary and not mandated by law or by the DOJ, which has also refused to identify what agency is being consulted and refused to provide a timeline for completing its review of the remaining seven pages.

DOJ on August 24, 2022, Mr. Barrack agrees with the DOJ that the Court should decide the Motion separately from a hearing on the merits in the case. NSD's further processing of Mr. Barrack's request may narrow the ultimate issues to be decided by the Court. Thus, bifurcating hearings on the Motion and the merits of this lawsuit promote judicial economy. Additionally, given their importance to this matter, the parties should be given an opportunity to fully brief the dispositive issues raised in the DOJ's Motion to Dismiss. Accordingly, Mr. Barrack withdraws his request to consolidate the hearing on the Motion with the trial on the merits in this case.

## CONCLUSION

WHEREFORE, for the reasons set out above and in the Motion, and because NSD has begun processing Mr. Barrack's FOIA request, Mr. Barrack respectfully requests the Court enter an order granting the Motion and ordering DOJ to complete processing Mr. Barrack's FOIA request and produce the requested materials within ten (10) days of the Court's entry of an order granting the Motion. Mr. Barrack also respectfully requests all further relief which the Court deems just and proper.

Dated: August 29, 2022.

Respectfully submitted,

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By */s/ Jason R. Dunn*
 Jason R. Dunn, CO 33011
 Joseph C. Haupt, NM 154520
 410 Seventeenth Street, Suite 2200
 Denver, CO 80202
 Telephone: (303) 223-1100
 Email: jdunn@bhfs.com; jhaupt@bhfs.com

*Attorneys for Thomas J. Barrack, Jr.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of August 2022, I electronically filed a true and correct copy of the foregoing **REPLY OF THOMAS J. BARRACK, JR. IN SUPPORT OF HIS EXPEDITED MOTION FOR PRELIMINARY INJUNCTION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Vinita B. Andrapalliyal
Vinita.B.andrapalliyal@usdoj.gov

*s/Kate M. Meade*
Kate M. Meade, Paralegal
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
Email: kmeade@bhfs.com

24600825.4