IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 22-cv-01800-RM

THOMAS J. BARRACK, JR.

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

      Defendant.

## THOMAS J. BARRACK, JR.'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULES 12(B)(1) AND 12(B)(6)

COMES NOW Thomas J. Barrack, Jr., through his counsel of record, Brownstein Hyatt Farber Schreck, LLP, and, pursuant to D.C.COLO.LCivR 7.1 and the Court's Practice Standards for Civil Actions, hereby respectfully submits his Response to Defendant's Motion to Dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6) ("Motion"). In support of this Response, Mr. Barrack states as follows:

### INTRODUCTION

This case involves the consistent and sustained failure by Defendant United Stated Department of Justice ("DOJ") and, in particular, its National Security Division ("NSD") to meet its statutory obligations under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Mr. Barrack commenced this lawsuit after NSD failed to timely respond his FOIA request and issued a hasty and plainly incorrect response thereto, and after the DOJ's Office of Information Policy ("OIP") suggested that a further response from NSD was forthcoming at some unspecified time. Even after

this lawsuit commenced, NSD completely changed course and issued a supplemental response to Mr. Barrack's FOIA request which undermined and contradicted its earlier response.

The DOJ is now pulling out the procedural stops in an effort to get this case dismissed and leave Mr. Barrack to the unsupervised whims of NSD. But in doing so, the DOJ overlooks sworn representations by NSD showing it was clearly aware the FOIA request at issue in this case was made on Mr. Barrack's behalf, and the DOJ completely ignores statements by OIP suggesting NSD's initial response to Mr. Barrack's request was only preliminary. In the end, even though NSD was required to respond to Mr. Barrack's request on June 3, 2022, Mr. Barrack is still waiting for a complete response from the agency. Mr. Barrack has properly brought this lawsuit, and the Motion should be denied.

## BACKGROUND[1]

On May 5, 2022, Mr. Barrack, through his attorney, Sohil Khurana, submitted a FOIA request to DOJ's NSD seeking three categories of documents related to notifications under 18 U.S.C. § 951 to the Attorney General of the United States within the last ten years. Compl. ¶ 23, ECF No. 1. Section 951 requires any individual acting in the United States as an agent of a foreign government to provide notification of said relationship to the Attorney General. See generally 18 U.S.C. § 951. The FOIA request was sent by Mr. Khurana, but it did not identify Mr. Barrack as the ultimate requesting party. See Compl. Ex. 1, ECF No. 1-1 (FOIA Request Letter from S. Khurana, to U.S. Dep't of Just., Nat'l Sec. Div. (May 5, 2022)).

---

[1] Given the grounds on which DOJ seeks dismissal, the background is drawn largely from the Complaint. However, there are certain issues with respect to which either the DOJ or Mr. Barrack believe the Court should consider materials beyond the pleadings; facts relating to such issues are drawn from other materials which have already been made part of the record in this case.

Under 5 U.S.C. § 552(a)(6)(A)(i), an agency receiving a FOIA request must determine within twenty business days whether it will comply with the request, and the agency must "immediately" notify the requesting party of its determination. In this case, NSD was required to determine whether it would comply with Mr. Barrack's FOIA request on or before June 3, 2022, and to communicate its determination immediately thereafter.

Mr. Barrack's counsel made various efforts to check on the status of Mr. Barrack's FOIA request. See Compl. ¶¶ 26–36. In one such effort on June 2, 2022, Mr. Barrack's counsel sent an email to the DOJ's Office of Information Policy ("OIP") seeking a status update on Mr. Barrack's FOIA request. Compl. ¶ 27. OIP mistakenly construed this request for a status update as an appeal of a denial by NSD of Mr. Barrack's FOIA request. Compl. ¶ 31. However, at that time, NSD had not yet provided any response to Mr. Barrack's FOIA request.

On June 30, 2022, after still not receiving a response to Mr. Barrack's FOIA request, Mr. Khurana sent an email to NSD and OIP requesting expedited processing of Mr. Barrack's FOIA request. Compl. ¶ 36. Mr. Khurana explained that expedited processing was necessary due to interests that were personal to Mr. Barrack, namely Mr. Barrack's impending criminal trial and the attendant substantial risk to Mr. Barrack's due process rights. Pl.'s Mot. for Prelim. Inj. Ex. 7, pp. 1–2, ECF No. 2-7 (Email from S. Khurana to A. Mallory, et al. (June 30, 2022, 7:47 p.m. EDT)). NSD knew from this correspondence that Mr. Khurana submitted the FOIA request on Mr. Barrack's behalf. Describing the request for expedited processing, Kevin Tiernan, Supervisory Records Manager in the Records and FOIA Unit of the NSD and the individual who signed NSD's responses to Mr. Barrack's FOIA request, said Mr. Khurana "was seeking [the] responsive records on behalf of Plaintiff Thomas J. Barrack in advance of Mr. Barrack's

upcoming criminal trial." Def.'s Resp. to Pl.'s Mot. for Prelim. Inj. Ex. 1 ¶ 8, ECF No. 13-1 (Decl. of K. Tiernan (Aug. 5, 2022)).

On July 8, 2022, NSD provided an initial response to Mr. Barrack's FOIA request. Compl. ¶ 37; Compl. Ex. 2, ECF No. 1-2 (Letter from K. Tiernan, to S. Khurana (July 8, 2022)). The response was what is known as a "Glomar" response in that NSD stated that the confirmation or denial of the existence of records responsive to Mr. Barrack's request would, in and of itself, reveal information exempted under FOIA. Compl. ¶ 38.[2]

However, on July 14, 2022, Daniel Castellano, an Associate Chief of the Administrative Appeals Staff in the DOJ's OIP, sent Mr. Khurana a letter which denied the earlier appeal OIP erroneously docketed following Mr. Khurana's June 2, 2022, status-update email. Compl. ¶ 48; Compl. Ex. 3, ECF No. 1-3 (Letter from D. Castellano to S. Khurana (July 14, 2022)); Compl. Ex. 4, ECF No. 1-4 (Email from OIP to S. Khurana (July 14, 2022 (12:34 p.m. EDT)) (transmitting decision letter regarding appeal). However, the letter also stated NSD had yet to make an adverse determination on Mr. Barrack's FOIA request. Compl. Ex. 3. Additionally, the letter stated OIP had been in contact with NSD and had been advised that Mr. Barrack's request was still being processed. Id. Finally, the letter informed Mr. Barrack's counsel that Mr. Barrack could file an appeal to OIP after he received NSD's supposedly forthcoming final response. Id.

Mr. Barrack proceeded to file this lawsuit to compel a complete response from NSD. Thereafter, on August 12, 2022, NSD provided Mr. Barrack's counsel with a supplemental response to Mr. Barrack's FOIA request. Def.'s Resp. to Pl.'s Mot. for Prelim. Inj. Ex. 1-H, ECF

---

[2] Specifically, NSD invoked FOIA's exemptions under 5 U.S.C. § 552(b)(6) for information which constitutes a clearly unwarranted invasion of personal privacy of third parties, and under § 552(b)(7)(A) and/or (7)(C) for information which would reasonably be expected to interfere with law enforcement proceedings. Compl. ¶ 38.

No. 13-2 at 23 (FOIA Response Letter from K. Tiernan to S. Khurana (Aug. 12, 2022)). Quite the opposite of its prior "Glomar" response, NSD not only acknowledged the existence of materials responsive to Mr. Barrack's request, but it also described the materials and, in the case of some materials, produced them. Id. There remain seven pages of responsive materials which NSD is still processing in consultation with another government agency. Id. at 2, ECF No. 13-2 at 24; Def.'s Resp. to Pl.'s Mot. for Prelim. Inj. Ex. 1 ¶¶ 14–16.

## STANDARD OF REVIEW

DOJ seeks dismissal on two grounds: (1) under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction owing to Mr. Barrack's alleged lack of standing; and (2) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and, specifically, the failure to plead exhaustion of administrative remedies under FOIA. The standard of review under each ground differs, as does the materials the Court may consider in its review.

A challenge to the Court's subject matter jurisdiction can be either facial or factual. Baker v. USD 229 Blue Valley, 979 F.3d 866, 872 (10th Cir. 2020). A facial attack assumes the allegations in the complaint are true and argues they fail to establish jurisdiction. Id. (citation omitted). Accordingly, when assessing such an attack, the Court "considers only the factual allegations in the complaint." Schmitz v. Colo. State Patrol, 841 F. App'x 45, 54 (10th Cir. 2020) (unpublished). In contrast, a factual attack "goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction." Baker, 979 F.3d at 872 (citation omitted). In a factual attack, the Court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." Id. (citation omitted). The consideration of such evidence does not convert the motion under Rule 12(b)(1) into a motion for summary judgment unless the

jurisdictional issue is "intertwined with the merits." Id. (citation omitted).

To withstand a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" Straub v. BNSF Ry. Co., 909 F.3d 1280, 1287 (10th Cir. 2018) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss for failure to state a claim, the Court "accepts as true all well pleaded factual allegations in the complaint and views those allegations in the light most favorable to the plaintiff." Id. (citation omitted). Generally, the Court's review on a motion under Rule 12(b)(6) is limited to the allegations in the complaint itself, as consideration of materials outside of the pleadings converts the motion into one for summary judgment. Fed. R. Civ. P. 12(d); Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). However, the Court may consider certain materials without converting the motion to dismiss into one for summary judgment: *inter alia*, documents attached as exhibits to the Complaint, and documents that are central to Mr. Barrack's claims and to which he refers in the Complaint. Straub v. BNSF Ry. Co., 909 F.3d 1280, 1287 (10th Cir. 2018); GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).

Against these principles, Mr. Barrack now turns to DOJ's arguments challenging his standing and failure to exhaust administrative remedies.

## ARGUMENT

### I.     MR. BARRACK HAS STANDING TO BRING THIS LAWSUIT BECAUSE HIS ATTORNEY'S CORRESPONDENCE WITH NSD INFORMED THE AGENCY MR. BARRACK WAS THE ULTIMATE REQUESTING PARTY.

The DOJ argues Mr. Barrack lacks standing to bring this lawsuit because he was not properly disclosed by his attorneys as the party ultimately making his May 5, 2022 FOIA request.

Mot. at 7–9. This position, however, ignores the sworn statements of Kevin Tiernan, which were previously submitted as part of the record in this lawsuit, and which show NSD was timely made aware that Mr. Barrack's counsel was acting on Mr. Barrack's behalf.

To establish standing generally, a party bringing suit in federal court must show: (1) it has suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) the injury is fairly traceable to the defendant; and (3) the injury is likely to be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000). In the context of FOIA, a party is deemed to have suffered an injury when the government fails to respond to a FOIA request in a timely manner. Gilmore v. U.S. Dep't of Energy, 33 F.Supp.2d 1184, 1189 (N.D.Cal.1998) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

Typically, the individual or entity submitting the FOIA request is deemed to have suffered the injury for the purposes of standing. Smallwood v. U.S. Dep't of Just., 266 F. Supp. 3d 217, 220 (D.D.C. 2017) (citations omitted). But this does not mean an attorney's client necessarily lacks standing when the attorney submits a FOIA request on the client's behalf. Id. When an attorney submits a FOIA request on a client's behalf, the question of whether the client has standing to bring suit focuses on (in its simplest terms) whether the attorney "clearly indicate[s] that [the request] is being made on behalf of the [client]." Id. (third alteration in original) (citing Three Forks Ranch Corp. v. Bureau of Land Mgmt., 358 F. Supp. 2d 1, 2 (D.D.C. 2005)).

Courts considering this issue have taken different approaches when determining when and how an attorney may "clearly indicate" that its client is the ultimate requesting party. Some courts have taken a rigid approach and consider only the representations made in the initial request. See, e.g., id. at 221; Three Forks Ranch Corp., 358 F. Supp. 2d at 3; MAXXAM, Inc. v. Fed. Deposit

Ins. Corp., No. Civ. A. 98-0989 (EGS), 1999 WL 33912624, at *2 (D.D.C. Jan. 29, 1999). Courts taking this approach have observed that a "line must be drawn to assure that the 'request' requirement does not devolve into a general interest inquiry," Smallwood, 266 F. Supp. 3d at 220–21 (citation omitted), and they have acknowledged it is not reasonable to expect federal agencies to scrutinize FOIA requests in order to determine the ultimate requesting party. Three Forks Ranch Corp., 358 F. Supp. 2d at 3.

      Consistent with these concerns, however, other courts have taken a more holistic approach which considers both the initial FOIA request and subsequent communications between the attorney and the federal agency to determine if the agency was on notice that the client was the ultimate requesting party. See Menasha Corp. v. U.S. Deptt of Just., No. 11-C-682, 2012 WL 1034933, at *3 (E.D. Wis. Mar. 26, 2012) (noting that "[t]he identity of the 'requester' is required under FOIA so that the government has notice of the party or parties seeking information" and finding the government agency was sufficiently aware of the plaintiff-client's involvement in FOIA request based on various correspondence with the agency that took place after the request was filed and stated the FOIA request was submitted on the plaintiffs' behalf); The Sierra Club v. U.S. Env't Prot. Agency, 75 F. Supp. 3d 1125, 1139 (N.D. Cal. 2014) (finding the plaintiff had standing, despite not being named in the initial FOIA request, when subsequent correspondence to the government agency identified the request as being submitted on behalf of the plaintiff (and another entity), the agency acknowledged in later correspondence that the request was submitted by the plaintiff, and the agency sent responsive documents to the plaintiff). Courts are particularly persuaded by evidence signaling the government agency knew or acknowledged the plaintiff-client as the ultimate requesting party. See The Sierra Club, 75 F. Supp. 3d at 1139 (considering letter

from agency recognizing the plaintiff as one of the requesting parties); <u>Olsen v. U.S. Dep't of Transp. Fed. Transit Admin.</u>, No. C 02-00673 WHA, 2002 WL 31738794, at *2 n.2 (N.D. Cal. Dec. 2, 2002) (finding the government agency had sufficient knowledge of the plaintiff's status as the requesting party as evidenced in the agency's response to the plaintiff's administrative appeal, in which the agency acknowledged the request was made by the plaintiff).

Before proceeding further, it is important to determine whether DOJ is making a facial or factual challenge to the Court's subject matter jurisdiction. Although the DOJ does not address this issue in its Motion, the agency appears to be making a factual challenge. First, DOJ states in the Motion "[t]he Court has wide discretion to consider affidavits or other evidence to resolve factual jurisdictional issues," without any mention of how the Court should approach a facial jurisdictional issue. Mot. at 6 (citing <u>Holt v. United States</u>, 46 F.3d 1000, 1003 (10th Cir. 1995)). Second, and as a practical matter, DOJ is asking the Court to discredit allegations in the Complaint and look beyond the Complaint to other correspondence between Mr. Barrack and NSD. If the Court were assessing Mr. Barrack's standing from only the allegations in the Complaint, which the Court must accept as true in such an inquiry, then the allegation in the Complaint that "on May 5, 2022, Mr. Barrack, through his counsel, submitted a FOIA request to the DOJ's NSD" should resolve the inquiry in Mr. Barrack's favor. Compl. ¶ 23, ECF No. 1. Because the DOJ mounts a factual challenge to the Court's subject matter jurisdiction, the Court may consider evidence outside of the pleadings, and such evidence plainly shows NSD was aware Mr. Barrack was the ultimate requesting party before it issued its first response to his FOIA request on July 8, 2022.

It is true Mr. Barrack's counsel, Sohil Khurana, did not identify Mr. Barrack as the ultimate requesting party in Mr. Barrack's May 5, 2022 FOIA request. Compl. Ex. 1, ECF No. 1-1.

However, this lack of disclosure is not dispositive if NSD eventually learned the request was made on Mr. Barrack's behalf. E.g., Menasha Corp., 2012 WL 1034933, at *3; The Sierra Club, 75 F. Supp. 3d at 1139. In this case, Mr. Khurana conveyed Mr. Barrack's role as the requesting party when he sought expedited processing of Mr. Barrack's request on June 30, 2022. Pl.'s Mot. for Prelim. Inj. Ex. 7, at pp. 1–2, ECF No. 2-7. Specifically, Mr. Khurana explained that expedited processing was necessary due to interests that were personal to Mr. Barrack, namely Mr. Barrack's impending criminal trial and the accompanying threat to his due process rights. Id. In the Motion, the DOJ suggests this correspondence was still not clear enough to establish Mr. Barrack's standing to bring this lawsuit. Mot. at 9. However, the declaration of Mr. Tiernan, submitted as part of the DOJ's Response to Mr. Barrack's Motion for Preliminary Injunction, states unequivocally that Mr. Khurana represented in his June 30, 2022 request for expedited processing that he was "seeking these responsive records on behalf of Plaintiff Thomas J. Barrack in advance of Mr. Barrack's upcoming criminal trial." Def.'s Resp. to Pl.'s Mot. for Prelim. Inj. Ex. 1 ¶ 8, ECF No. 13-2. By all accounts, Mr. Tiernan appears to have been leading NSD's response to Mr. Barrack's FOIA request, as he signed NSD's responses of both July 8, 2022, and August 12, 2022. Compl. Ex. 2, ECF No. 1-2; Def.'s Resp. to Pl.'s Mot. for Prelim. Inj. Ex. 1-H, ECF No. 13-2 at 25. If in a sworn declaration submitted to this Court Mr. Tiernan states he was aware Mr. Khurana was acting and seeking records on behalf of Mr. Barrack, and he had this awareness before NSD responded to Mr. Barrack's request, the DOJ cannot now colorably claim NSD was somehow unaware of Mr. Barrack's status as the party filing the FOIA request at the heart of this lawsuit.

In these circumstances, the Court should take the more holistic approach adopted in Menasha Corp. and similar cases. A more rigid approach is not justified, as there is no risk the

Court would be allowing Mr. Barrack to bring suit on a mere "general interest" in his FOIA request or that NSD has somehow been prejudiced by the fact that Mr. Barrack was not identified as the ultimate requesting party in the May 5, 2022 FOIA request. See Smallwood, 266 F. Supp. 3d at 220–21; Three Forks Ranch Corp., 358 F. Supp. 2d at 3. By NSD's own admission, it was aware Mr. Khurana was acting on behalf of Mr. Barrack and it had this knowledge before it provided its initial response to Mr. Barrack's FOIA request. Assuming for the sake of argument the identity of Mr. Barrack as the ultimate requesting party was somehow pertinent to NSD's approach and response to Mr. Barrack's FOIA request, the agency appears to have had ample time to consider Mr. Barrack's status and factor that status into its response.

NSD admits Mr. Khurana's June 30, 2022 correspondence informed the agency of Mr. Barrack's role as the requesting party. The law requires no more, and Mr. Barrack has standing to bring this suit.

## II.     MR. BARRACK EXHAUSTED HIS ADMINISTRATIVE REMEDIES.

The DOJ also argues this case should be dismissed because Mr. Barrack failed to exhaust his administrative remedies. But the DOJ's position ignores the status of NSD's responses as they were conveyed to Mr. Barrack's counsel and the actions of NSD after this lawsuit began.

Generally, a FOIA plaintiff must exhaust his or her administrative remedies before filing suit in federal court. Hull v. Int. Rev. Serv., U.S. Dep't of Treasury, 656 F.3d 1174, 1179 (10th Cir. 2011). However, when an agency fails to timely respond to a FOIA request, the requesting party is deemed to have constructively exhausted its administrative remedies and may proceed to federal court. 5 U.S.C. § 552(a)(6)(C)(i). In order to trigger FOIA's exhaustion requirement, an agency's response must (in relevant part) "inform the requester of the scope of the documents that

the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n, 711 F.3d 180, 186 (D.C. Cir. 2013) (Kavanaugh, J.).

Additionally, exhaustion is a prudential, not jurisdictional, doctrine. Hull, 656 F.3d at 1182. Thus, failure to exhaust administrative remedies only precludes judicial review if "'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar." Id. at 1183 (citation omitted). The purposes of exhaustion are threefold: (1) preventing premature interference with agency processes; (2) affording the parties and the courts the benefit of the agency's experience and expertise; and (3) compiling a record which is adequate for judicial review. Id.

Here, NSD provided a supposedly final determination regarding Mr. Barrack's FOIA request on July 8, 2022. See Compl. Ex. 2, ECF No. 1-2. However, six days later, Mr. Barrack's counsel received a letter from Mr. Castellano of OIP informing counsel that OIP was denying an appeal of Mr. Barrack's FOIA request that had been erroneously docketed months earlier. See Compl. Exs. 3 and 4, ECF Nos. 1-3 and 1-4. The issue with Mr. Castellano's letter was not the denial of the erroneous appeal, but the representations Mr. Castellano made regarding NSD's processing of Mr. Barrack's FOIA request. Mr. Castellano explained he had spoken to NSD, and he assured Mr. Barrack's counsel that the request was being processed. Compl. Ex. 3 ECF No. 1-3. He even informed Mr. Barrack's counsel that Mr. Barrack could file an appeal to OIP after he received NSD's supposedly forthcoming final response. Id.

DOJ addresses Mr. Castellano's letter in a footnote and, even then, does not consider the representations Mr. Castellano made as to the status of NSD's efforts to process Mr. Barrack's FOIA request. See Mot. at 11 n.8. Mr. Barrack should be entitled to trust the representations made

to him by government agencies. Thus, based on Mr. Castellano's letter, Mr. Barrack reasonably concluded NSD's July 8, 2022 letter was only a partial response to his FOIA request. As a partial response, NSD's letter could not have set out the full scope of the materials the agency intended to withhold and/or produce. Accordingly, the July 8, 2022 letter was insufficient to trigger FOIA's exhaustion requirement. <u>Citizens for Responsibility & Ethics in Wash.</u> 711 F.3d at 186. Because a full and proper response from NSD would have been several weeks late at the time of Mr. Castellano's July 14, 2022 correspondence, Mr. Barrack's administrative remedies were constructively exhausted, and he was free to commence this lawsuit. 5 U.S.C. § 552(a)(6)(C)(i). To the extent DOJ would ask the Court to peer beyond the pleadings to consider any mistake or miscommunication between NSD and OIP, such consideration would not be proper on a motion to dismiss under Rule 12(b)(6) and, in any event, the burden should not fall on the public to make sure the government has its story straight on its efforts to respond to FOIA requests.

Further, even if Mr. Barrack has not exhausted his administrative remedies, which he constructively has, the Court should exercise its discretion to consider matters beyond the pleadings (and thus convert the DOJ's motion under Rule 12(b)(6) to one for summary judgment) and find that the purposes of FOIA do not support barring judicial review. <u>Hull</u>, 656 F.3d at 1183. First, there has been no premature interference with NSD's processes. <u>Id.</u> Since this lawsuit began, NSD has undertaken to process Mr. Barrack's FOIA request and is pursuing what it claims to be the final seven pages of responsive materials. Def.'s Resp. to Pl.'s Mot. for Prelim. Inj. Ex. 1 ¶¶ 10–16, ECF No. 13-1. Second, NSD has had several chances to apply its expertise to Mr. Barrack's request. <u>Hull</u>, 656 F.3d at 1183. Indeed, the application of that expertise has yielded a variety of results—from a "Glomar" response in which NSD took the position that the mere existence of

responsive documents would disclose FOIA-exempt information; to the polar-opposite position set out in its supplemental response of August 12, 2022, that responsive records could not only be acknowledged but also produced. Id.; Compl. Ex. 2. NSD has had multiple opportunities to revisit its responses to Mr. Barrack's FOIA request, thus fulfilling the purpose of an administrative appeal. And given NSD's complete about-face between its July 8, 2022 and August 12, 2022 responses, it appears NSD has reconsidered its earlier position in its entirety. Finally, NSD claims to be currently identifying responsive materials as per its revised response of August 12, 2022, thus building a full record for judicial review. Def.'s Resp. to Pl.'s Mot. for Prelim. Inj. Ex. 1 ¶¶ 14–16; Hull, 656 F.3d at 1183. The purposes of exhaustion have all been met. As a result, dismissal on exhaustion grounds is inappropriate.

## CONCLUSION

WHEREFORE, for the reasons set out above, Mr. Barrack respectfully requests the Court deny the Motion and grant all further relief which the Court deems just and proper.

Dated: September 14, 2022.

        Respectfully submitted,

        BROWNSTEIN HYATT FARBER SCHRECK, LLP

        By */s/ Jason R. Dunn*
           Jason R. Dunn, CO 33011
           Joseph C. Haupt, NM 154520
           410 Seventeenth Street, Suite 2200
           Denver, CO 80202
           Telephone: (303) 223-1100
           Facsimile: (303) 223-1111
           Email: jdunn@bhfs.com; jhaupt@bhfs.com

        *Attorneys for Thomas J. Barrack, Jr.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September 2022, I electronically filed a true and correct copy of the foregoing **THOMAS J. BARRACK, JR.'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULES 12(B)(1) AND 12(B)(6)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Vinita B. Andrapalliyal
Vinita.B.andrapalliyal@usdoj.gov

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By */s/ Paulette M. Chesson*
Polly Chesson, Paralegal
410 17th Street, Suite 2200
Denver, CO 80202
Telephone*:* (303) 223-1100
Facsimile: (303) 223-1111

24666250