**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-01800-GPG

THOMAS J. BARRACK, JR.,

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

      Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
COMPLAINT UNDER RULES 12(B)(1) AND 12(B)(6)**

---

## INTRODUCTION

Plaintiff, Thomas J. Barrack, Jr., seeks for this Court to adjudicate his claims challenging the government's response to a Freedom of Information Act (FOIA) request submitted by another individual, Sohil Khurana, to the U.S. Department of Justice's National Security Division (NSD). But as Defendant explained in its motion to dismiss, Plaintiff lacks standing to bring his claims because Mr. Khurana's FOIA request did not name Plaintiff as the requester or as the person on whose behalf he submitted the request. Further, Plaintiff failed to exhaust his administrative remedies because NSD issued a final response to Mr. Khurana's FOIA request on July 8, 2022, and neither Plaintiff nor Mr. Khurana filed an administrative appeal of that response before filing this lawsuit.

Plaintiff's response brief disparages the "procedural stops" raised by Defendant, Pl.'s Opp'n at 2, ECF No. 16, but the Article III standing inquiry and the administrative-exhaustion analysis both serve important gatekeeping functions that may not be simply waved away. This Court cannot, under Article III, consider a lawsuit where Plaintiff lacks standing and should not

adjudicate claims that Plaintiff failed to raise through the FOIA administrative appeals process, which allows the agency to hear Plaintiff's concerns and reconsider its approach before judicial intervention.

Moreover, Plaintiff's substantive responses to Defendant's arguments in favor of dismissal are unpersuasive. First, Plaintiff argues that because Mr. Khurana eventually identified Plaintiff as an interested party in his FOIA request in later correspondence, Defendant was on notice of Plaintiff's interest, which gives Plaintiff standing. But the standing inquiry focuses on whether Plaintiff has suffered an injury-in-fact, and the case law and FOIA's legislative history make clear only the FOIA requester or the party identified on the face of the FOIA request has suffered an injury for standing purposes.

Second, Plaintiff insists that he constructively exhausted his administrative remedies because DOJ's Office of Information Policy (OIP), in responding to earlier correspondence with Mr. Khurana, stated that NSD was "still processing" Mr. Khurana's FOIA request. Plaintiff's argument ignores the fact that NSD clearly indicated, and the Complaint itself appears to accept, that NSD's July 8, 2022 response was a final response and, therefore, Mr. Khurana or Plaintiff should have administratively appealed that response before seeking relief from this Court.

Plaintiff alternatively asks this Court to consider matters outside the pleadings to convert Defendant's motion to dismiss into a motion for summary judgment and to conclude that Plaintiff has not failed to exhaust his administrative remedies as a prudential matter, because NSD has now reconsidered its July 8, 2022 response and is in the process of producing nonexempt, responsive materials to Mr. Khurana. But this Court should instead dismiss the Complaint under Rule 12(b)(6) for failure to exhaust. Defendant's revised approach to Plaintiff's FOIA request has no bearing on the exhaustion analysis, which looks at whether Plaintiff

actually or constructively exhausted his administrative remedies at the time he commenced the lawsuit. Moreover, Defendant's subsequent actions, if anything, demonstrate the wisdom of the exhaustion requirement. Courts should allow the agency to fully consider and respond to a requester's concerns with the agency's FOIA response before adjudicating the merits of a FOIA challenge. That Defendant has reconsidered its approach shows that judicial involvement is premature. For these reasons, as explained more fully below, Plaintiff's Complaint should be dismissed.

## ARGUMENT

### I.    Plaintiff lacks standing.

As Defendant explained in its opening brief, because Plaintiff was not named as the FOIA requester or the person on behalf of whom the underlying FOIA request as submitted, he lacks standing to challenge NSD's response to the request. Def.'s Mot. to Dismiss at 7–9, ECF No. 14 (Def.'s Mot.). Plaintiff concedes that he was not named in the initial request, Pl.'s Opp'n at 9, but insists that he nonetheless has standing because Sohil Khurana, the requester, indicated that his FOIA request related to Plaintiff's interests nearly two months later in Mr. Khurana's request for expedited processing, *id.* at 10. But while "[c]orrespondence outside of the FOIA requests—such as appeals and agency responses to appeals—can . . . be used to corroborate a finding that counsel is making a FOIA request on behalf of a client[,] . . . external correspondence cannot be interpreted as evidence that counsel is acting on behalf of a client in the absence of some such evidence on the face of the FOIA requests." *Wetzel v. U.S. Dep't of Veterans Affs.*, 949 F. Supp. 2d 198, 204 (D.D.C. 2013).

Plaintiff would negate the nearly unanimous case law on this issue because it is "rigid," Pl.'s Opp'n at 10, but "a line must be drawn to assure that the 'request' requirement does not devolve into a general interest inquiry." *Wetzel*, 949 F. Supp. 2d at 204. Plaintiff's assertion that

he is not mounting a "general interest inquiry" in this particular case, Pl.'s Opp'n at 11, is irrelevant; courts should uniformly apply the legal principle that the FOIA requester or the initially and clearly identified individual on whose behalf the request was made are the only ones with standing in a FOIA challenge. "Moreover, dismissals on this basis are entirely preventable. All that this suit required was for [Plaintiff's] attorneys to list [Plaintiff's] name as that of the "'requester,' or to clearly state in the body of the request that it was made on [Plaintiff's] behalf." *Id.* Or, Plaintiff's attorney, Mr. Khurana, "as the requester[], could have simply filed this suit in [his] own name[]." *Id.*; *see also Smallwood v. United States Dep't of Just.*, 266 F. Supp. 3d 217, 220 (D.D.C. 2017) ("[C]ourts routinely dismiss FOIA suits where an attorney filed the initial request without indicating that the request was made on behalf of the plaintiff.") (collecting cases); *McDonnell v. United States*, 4 F.3d 1227, 1237 (3d Cir. 1993) ("[A] person . . . whose name does not appear on a FOIA request for records may not sue in district court when the agency refuses to release requested documents because he has not administratively asserted a right to receive them in the first place." (citing H.R. Rep. No. 1497, *reprinted in* 1966 U.S.C.C.A.N. at 2426)).

Against the clear weight of authority on this issue, Plaintiff can identify only two district courts that have taken a different, "holistic approach" and urges this Court to follow their lead. Pl.'s Opp'n at 11 (citing *Menasha Corp. v. U.S. Dep't of Just.*, No. 11-C-682, 2012 WL 1034933, at *3 (E.D. Wis. Mar. 26, 2012); *The Sierra Club v. United States Env't Prot. Agency*, 75 F. Supp. 3d 1125, 1137 (N.D. Cal. 2014)). But both decisions, which examined standing in the context of determining motions for FOIA *fees*, erroneously characterized the operative standing requirement as a matter of whether "the government has notice of the party or parties seeking information" and concluded that because the government was notified of the plaintiff's

interest in the requested records, the plaintiffs had standing. *Menasha*, 2012 WL 1034933, at *3; *see also Sierra Club*, 75 F. Supp. 3d at 1138. However, the standing inquiry does not focus on the extent to which and when the government is on notice about something; it focuses on whether the claimant has suffered an injury-in-fact caused by the complained-of behavior that is redressable in court. *Laufer v. Looper*, 22 F.4th 871, 876 (10th Cir. 2022) "These requirements ensure that 'the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction.'" *Id.* (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "In the context of standing under FOIA, '[t]he filing of a request, and its denial, constitutes an injury.'" *Smallwood*, 266 F. Supp. 3d at 220 (quoting *Wetzel*, 949 F.Supp.2d at 202); *see also McDonnell*, 4 F.3d at 1238 (3d Cir. 1993). This flows from the basic principle that a "requester is injured-in-fact for standing purposes because he did not get what the statute entitled him to receive." *Zivotofsky ex rel. Ari. Z. v. Sec'y of State*, 444 F.3d 614, 617 (D.C. Cir. 2006) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3 (1973)).

Accordingly, it is immaterial for standing purposes that Mr. Khurana informed NSD two months after submitting his FOIA request that the requested information related to Plaintiff's interests. Because Plaintiff lacks standing to bring this case, the Complaint should be dismissed.

## II.    Plaintiff failed to exhaust his administrative remedies.

Defendant further explained that the Complaint should also be dismissed under Rule 12(b)(6) because even if Plaintiff had standing, he failed to exhaust his administrative remedies following NSD's July 8, 2022 determination. Def.'s Mot. at 10–11. NSD's July 8, 2022 response was clearly identified as a "final response" to Mr. Khurana's FOIA request, Compl. Ex. 2, and the Complaint does not indicate that Mr. Khurana filed an administrative appeal of that response, *see generally* Compl.; *see also Hull v. IRS*, 656 F.3d 1174, 1179 (10th Cir. 2011).

Plaintiff nonetheless asserts in his response brief that OIP's subsequent letter to Mr. Khurana, in which OIP was still processing Mr. Khurana's request despite NSD's issuance of a final response six days earlier, relieved Mr. Khurana of his obligation to exhaust the administrative appeals process before filing a lawsuit. Pl.'s Opp'n at 12–13. But Plaintiff himself acknowledges that OIP's correspondence regarding the request was based on the mistaken premise that Mr. Khurana's June 2, 2022 letter to OIP regarding NSD's timeliness in responding to Mr. Khurana's FOIA request was an administrative appeal. *See* Compl. ¶¶ 27, 31–32, 48. In any event, OIP's letter makes clear that NSD's actions are controlling; it states that Mr. Khurana should contact NSD about the status of its response, not OIP, and should file an administrative appeal of NSD's final response if Mr. Khurana was dissatisfied with the response. *See* Compl.. Ex. 3. Further, the Complaint focuses on NSD's July 8, 2022 *Glomar* response as the government's conclusive determination on Mr. Khurana's FOIA request, indicating that Plaintiff was aware that OIP's outdated statement that NSD was "still processing" Mr. Khurana's request had no substantive bearing. *See* Compl. ¶ 7 ("[T]he DOJ has stonewalled Mr. Barrack's request by failing to even acknowledge whether the requested records exist," a clear reference to NSD's July 8, 2022 *Glomar* response.); *see also id.* ¶¶ 37–41.

Further, this Court should decline Plaintiff's expansive invitation to "exercise its discretion to consider matters beyond the pleadings (and thus convert the DOJ's motion under Rule 12(b)(6) to one for summary judgment) and find that the purposes of FOIA do not support barring judicial review." Pl.'s Opp'n at 13. It is unnecessary to go beyond the pleadings to determine whether Plaintiff has exhausted his administrative remedies here; it is evident from the four corners of the Complaint and the incorporated exhibits. That is because Defendant's subsequent actions in response to Mr. Khurana's FOIA request do not bear on the exhaustion

analysis. Failure to exhaust is assessed at the time the requester brings suit. *See Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61–62 (D.C. Cir. 1990) ("Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process *before* an individual may seek relief in the courts.") (emphasis added).

If anything, Defendant's subsequent actions *support* a finding that Plaintiff has failed to exhaust his administrative remedies. "The exhaustion requirement serves multiple purposes, including providing an agency the opportunity to 'review its initial determination, apply its expertise, correct any errors, and create an ample record in the process.'" *Nat'l Sec. Counselors v. CIA,* 931 F.Supp.2d 77, 99–100 (D.D.C. 2013). That Defendant has now reviewed its initial determination and decided to change its approach to Mr. Khurana's FOIA request merely demonstrates "the purposes of exhaustion, namely, 'preventing premature interference with agency processes, ... afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, ... [or] compil[ing] a record which is adequate for judicial review.'" *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993) (quoting *Weinberger v. Salfi,* 422 U.S. 749, 765 (1975)). Here, Plaintiff's lawsuit prematurely sought judicial intervention: had Plaintiff instead simply filed an administrative appeal, NSD would have applied its expertise and experience to reconsider its original final response without any court involvement. Indeed, it may have been altogether unnecessary for Plaintiff to have a filed a lawsuit, since NSD is currently in the process of producing nonexempt, responsive material to Mr. Khurana as he has requested. Further, the record is not yet adequate for judicial review, since, as Plaintiff acknowledges, NSD's processing and production is not yet complete.[1] *See* Pl.'s Opp'n at 14. Thus, this Court

---

[1] NSD has completed processing all but seven pages of the records responsive to Mr. Khurana's request and has referred those pages to a partner agency for their processing consistent with DOJ's FOIA regulation. *See* 28 C.F.R. § 16.4(d).

should not covert Defendant's motion to dismiss under Rule 12(b)(6) into a motion for summary judgment nor prudentially conclude that Plaintiff has exhausted his administrative remedies. Instead, this Court should dismiss the Complaint for failure to exhaust.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendant's moving brief, this Court should dismiss Plaintiff's Complaint.

September 28, 2022                    Respectfully submitted,

                                     BRIAN M. BOYNTON
                                     Principal Deputy Assistant Attorney General

                                     ELIZABETH J. SHAPIRO
                                     Deputy Branch Director

                                     /s/ *Vinita B. Andrapalliyal*
                                     Vinita B. Andrapalliyal
                                     Trial Attorney
                                     United States Department of Justice
                                     Civil Division
                                     Federal Programs Branch
                                     P.O. Box 883
                                     Washington, DC 20044
                                     Tel: (202) 305-0845
                                     vinita.b.andrapalliyal@usdoj.gov

                                     *Counsel for Defendant*

## CERTIFICATE OF SERVICE (CM/ECF)

I certify that I served this motion on all counsel of record through the court's CM/ECF

filing system.

*/s/ Vinita B. Andrapalliyal*
Trial Attorney
U.S. Department of Justice