IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 22-cv-01800-RM-GPG

THOMAS J. BARRACK, JR.,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant.

___

# ORDER
___

This action brought under the Freedom of Information Act ("FOIA") is before the Court on Plaintiff's Motion for Preliminary Injunction (ECF No. 2) and Defendant's Motion to Dismiss (ECF No. 14), both of which have been fully briefed (ECF Nos. 13, 15, 16, 20). For the reasons below, Defendant's Motion is granted, and Plaintiff's Motion is denied as moot.

## I.    BACKGROUND

Plaintiff was indicted in July 2021 on allegations that he acted as an unregistered agent of a foreign government in violation of 18 U.S.C. § 951(a) and is currently on trial in the United States District Court for the Eastern District of New York. On May 5, 2022, Sohil Khurana, Plaintiff's attorney, submitted a FOIA request to the National Security Division ("NSD") of the Department of Justice, seeking documents related to registrations of foreign agents under § 951 within the last ten years. (ECF No. 1, ¶ 23.) The request did not identify Plaintiff as the requesting party.

After the twenty-business-day deadline passed without a response from NSD, *see* 5 U.S.C. § 552(a)(6)(A)(i), Mr. Khurana made efforts to get an update on the request. On June 30, he sent an email to NSD and the Office of Information Policy asking that his request receive expedited processing and asserting that a compelling need for the information existed due to the indictment filed against Plaintiff and his upcoming trial, then scheduled to begin on September 7, 2022. (ECF No. 1, ¶ 36.) The email further states that "[t]he information requested under this FOIA request has a strong likelihood of constituting exculpatory evidence in connection with Mr. Barrack's upcoming trial, and as such, is critical to the preservation of Mr. Barrack's due process rights." (ECF No. 2-7 at 1.)

On July 8, NSD sent Mr. Khurana its "final response" to his request. (ECF No. 1-2 at 1.) The response states that NSD interpreted his request to implicate investigative and prosecutorial records pertaining to subjects of NSD investigations. (*Id.*) Therefore, because "the confirmation or denial of the existence of such records would, in and of itself, reveal information which would constitute a clearly unwarranted invasion of personal privacy of third parties or would reasonably be expected to interfere with enforcement proceedings," NSA was "neither confirm[ing] nor deny[ing] the existence of such records." (*Id.*) The letter further states that NSA "did not locate any responsive records that would not be covered by [its] non-confirmation." (*Id.*)

On July 21, Plaintiff filed the Complaint in this action, alleging Defendant failed to conduct an adequate FOIA search, failed to respond to his request within the statutory timeframe, and was unlawfully withholding agency records. Plaintiff concurrently filed his Expedited Motion for Preliminary Injunction.

The Court held a status conference on August 5, denied Plaintiff's Motion to the extent

2

he sought to proceed on an expedited basis, and allowed briefing on the Motion to proceed in accordance with the Court's Civil Practice Standards.  (*See* ECF No. 10.)  Before Plaintiff filed his Reply in support of his Motion, Defendant filed its Motion to Dismiss, seeking dismissal on the grounds that Plaintiff lacks standing and failed to exhaust his administrative remedies.  As explained below, the Court finds the first ground to be dispositive.

## II.   LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(1), a defendant may raise by motion the defense of the court's lack of subject-matter jurisdiction, and the plaintiff bears the burden of demonstrating the court's jurisdiction to hear his claims, including by showing he has standing.  *See Hernandez v. Grisham*, 499 F. Supp. 3d 1013, 1043 (D.N.M. 2020).  "As an irreducible constitutional minimum, a plaintiff must satisfy three criteria in order for there to be a 'case or controversy' that may be resolved by the federal courts."  *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  The plaintiff must demonstrate "(1) an injury in fact; (2) a causal connection between the injury and the challenged action; and (3) a likelihood that a favorable decision will redress the injury."  *Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011).  "Standing is determined as of the time the action is brought."  *WildEarth Guardians v. Pub. Serv. Co. of Colo.*, 690 F.3d 1174, 1182 (10th Cir. 2012) (quotation omitted).

## III.   ANALYSIS

On a motion to dismiss, a court may consider documents outside the complaint if they are central to the plaintiff's claim and referred to in the complaint and the parties do not dispute their authenticity.  *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).  Or a

court may consider such documents to show their contents but not to prove the truth of matters asserted in them. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). In addition, motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject-matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). The Court construes Defendant's Motion as a factual attack and therefore has considered documents and evidence outside the pleadings without converting the Motion to a motion for summary judgment. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

In the context of a FOIA action, "[a] 'case or controversy conferring standing arises only when a person makes a request for information under the FOIA and the petitioned agency denies that request." *McDonnell v. United States*, 4 F.3d 1227, 1238 (3rd Cir. 1993). "The filing of a request, and its denial, is the factor that distinguishes the harm suffered by the plaintiff in an FOIA case from the harm incurred by the general public arising from deprivation of the potential benefits accruing from the information sought." *Id.* Accordingly, courts have concluded that a party who has not made a FOIA request does not have standing to bring a FOIA claim. *See, e.g.*, *Smallwood v. U.S. Dep't of Just.*, 266 F. Supp. 3d 217, 220 (D.D.C. 2017); *Three Forks Ranch Corp. v. Bureau of Land Mgmt.*, 358 F. Supp. 2d 1, 2 (D.D.C. 2005).

Where, as here, an attorney makes a FOIA request on behalf of a client, "courts routinely dismiss FOIA suits where [the] attorney filed the initial request without indicating that the request was made on behalf of the plaintiff." *Smallwood*, 266 F. Supp. 3d at 220 (citing, inter alia, *McDonnell*, 4 F.3d at 1237-38; *Wetzel v. U.S. Dep't of Veterans Affairs*, 949 F. Supp.

2d 198, 202 (D.D.C. 2013); *Three Forks Ranch Corp.*, 358 F. Supp. 2d at 2-3). "Although such a rule might seem somewhat rigid, a line must be drawn to assure that the request requirement does not devolve into a general interest inquiry that would be at odds with both the Constitution's standing requirement and the intent of Congress in enacting FOIA." *Id.* at 220-21 (quotation and citation omitted).

Although Mr. Khurana's initial request did not identify Plaintiff as the requesting party, Plaintiff contends NSD "was clearly aware the FOIA request at issue in this case was made on [his] behalf." (ECF No. 16 at 2.)  To support this argument, Plaintiff points to Mr. Khurana's June 30 email requesting expedited review and statements in a declaration by Kevin G. Tiernan, the supervisory records manager in the Records and FOIA Unit in the NSD, indicating that NSD was aware Mr. Khurana's request was on Plaintiff's behalf.  However, the Court finds this evidence is not on par with the evidence in other cases where courts have concluded that a party not named in an initial FOIA request nevertheless had standing to bring a FOIA claim.

For example, in *Menasha Corp. v. United States Department of Justice*, 2012 WL 1034933, at *1 (E.D. Wisc. Mar. 26, 2012) (unpublished), the court considered whether the plaintiffs, a corporation and a commission, were entitled to attorney fees under FOIA after the defendant was ordered to produce documents in response to their FOIA request.  Although the court ultimately found they were not, it first addressed the issue of whether they had standing to pursue a FOIA claim when their attorney had submitted the FOIA request under his own signature and failed to indicate that he was doing so as a representative of any particular entity. *Id.* at *3.  The court considered the FOIA request along with the related correspondence among the plaintiffs and the defendant.  *Id.*  The court noted that the plaintiffs had provided no fewer

than four separate writings identifying that the FOIA request had been submitted on their collective behalf and determined that the defendant was certainly on notice of their involvement. *Id.* Moreover, the court found that the defendant's position was tenuous at best because it had not been raised in its briefing on summary judgment. *Id.* ("How bizarre . . . to concede Plaintiffs have 'substantially prevailed' . . . while contending Plaintiffs lack standing to make the request in the first place."). Further, the Court distinguished the scenario from the one presented in *McDonnell*, where "passing reference" had been made to an individual plaintiff whose name did not appear on the FOIA request. *Id.* Accordingly, the court found the plaintiffs had standing to pursue their request for attorney fees under FOIA. *Id.*

*Sierra Club v. U.S. Env't Prot. Agency*, 75 F. Supp. 3d 1125, 1133 (N.D. Cal. 2014), is also a case about attorney fees under FOIA. There, the parties ultimately settled their underlying dispute premised on two different FOIA requests. *Id.* at 1135-36. The defendant raised for the first time in its opposition to the two entity plaintiffs' fee petition its contention that the Sierra Club was not entitled to fees related to the initial request because it was not a requesting party to that request and therefore lacked standing. *Id.* at 1137. In response, the plaintiffs asserted that the defendant had engaged in various conduct indicating that it acknowledged the Sierra Club as a proper party to the lawsuit, including receiving communications regarding the FOIA request from the plaintiffs' attorney on behalf of the Sierra Club, providing responsive information regarding the initial FOIA request directly to the Sierra Club, and explicitly naming the Sierra Club as a party to the request in its denial letter. *Id.* at 1137-38. The court concluded that the correspondence between the plaintiffs and the defendant and the defendant's subsequent actions in the case sufficiently identified the Sierra Club as an interested party to the initial FOIA

request. *Id.* at 1138.  The court further concluded that the defendant had fully acknowledged the Sierra Club as an interested party to the initial request and had continually recognized it as a party, and therefore it met the requirements for standing.  *Id.* 1139-40.

Unlike *Menasha Corp.* and *Sierra Club*, this is not an attorney fees case.  This case is also distinguishable on the basis that Plaintiff is not an entity.  *See Three Forks Ranch Corp.*, 358 F. Supp. 2d at 3 (noting that a FOIA request can be initiated by a corporation, "a corporate entity is unable to sign anything itself").  Nor are Plaintiff and Defendant alleged to have corresponded directly regarding the FOIA request at issue.  Rather, the Court finds the single mention of Plaintiff in Mr. Khurana's June 30 email is akin to a "passing reference [that] does not sufficiently identify him with the person making the request to confer on him standing to challenge the denial of the request under the FOIA."  *McDonnell*, 4 F.3d at 1238 n.6.  That NDS was "sufficiently aware" the FOIA request was made on Plaintiff's behalf does not noticeably move the needle.  (ECF No. 16 at 8.)  The Court finds persuasive the rationale expressed in *McDonnell*:

> [A] person whose name does not appear on a request for records has not made a formal request for documents under the statute.  Such a person, regardless of his or her personal interest in disclosure of the requested documents, has no right to receive either the documents or notice of an agency decision to withhold the documents. . . .  Accordingly, a person . . . whose name does not appear on a FOIA request for records may not sue in district court when the agency refuses to release requested documents because he has not administratively asserted a right to receive them in the first place.

4 F.3d at 1236-37 (citations omitted).  Under the circumstances presented, the Court concludes Plaintiff lacks standing, and therefore the claims in this case must be dismissed without prejudice.

## IV. CONCLUSION

The Court GRANTS Defendant's Motion (ECF No. 14) and DENIES AS MOOT Plaintiff's Motion (ECF No. 2).  The Clerk is directed to CLOSE this case.

DATED this 6th day of October, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge